## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **07-23166-CIV-MARTINEZ/BANDSTRA**

**(Jury Trial Demanded)**

TRACFONE WIRELESS, INC.,
a Delaware Corporation,

    Plaintiff,

v.

GSM GROUP, INC., a Florida Corporation, d/b/a
WireleXelectroniX.com and Wirelexelectronix,
MARCO ANTONIO QUINTERO a/k/a Marcelo
Quintero a/k/a Marco J. Quintero, individually,
and d/b/a WireleXelectroniX.com and
Wirelexelectronix, JOHN DOES 1-50, and XYZ
COMPANIES 1-50,

    Defendants.

_____/

FILED by ___JC___ D.C.
ELECTRONIC

**DEC. 5, 2007**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, TRACFONE WIRELESS, INC., a Delaware corporation ("TracFone"), sues Defendants, GSM GROUP, INC., a Florida Corporation, d/b/a WireleXelectroniX.com and Wirelexelectronix, MARCO ANTONIO QUINTERO a/k/a Marcelo Quintero a/k/a Marco J. Quintero, individually, and d/b/a WireleXelectroniX.com and Wirelexelectronix, JOHN DOES 1-50, and XYZ COMPANIES 1-50 (collectively "Defendants"), and states:

### INTRODUCTION AND BACKGROUND

1.    This is an action for damages and injunctive relief arising out of Defendants' unlawful business enterprise that willfully infringes on TracFone's incontestable trademarks, copyrights and other rights related to TracFone's prepaid wireless service, NET10 prepaid

12340924.9

wireless service ("NET10") and TracFone/NET10's specially manufactured wireless telephones ("TracFone/NET10 Prepaid Phones").

2.      As set forth in greater detail below, Defendants are engaged in unlawful business practices involving the unauthorized and unlawful bulk purchase and resale of TracFone/NET10 Prepaid Phones, unauthorized and unlawful computer unlocking or reflashing of TracFone/NET10 Prepaid Phones, alteration of TracFone's copyrighted and proprietary software installed in the Phones, and trafficking of the Phones for profit (the "Bulk Resale Scheme").

3.      All conditions precedent to filing this action have been performed, waived or excused.

4.      TracFone has retained the undersigned attorneys to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

## PARTIES, JURISDICTION AND VENUE

5.      This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

6.      TracFone is a Delaware corporation, with its principal place of business in Medley, Florida.

7.      GSM Group, Inc., is a Florida corporation, and d/b/a WireleXelectroniX.com and Wirelexelectronix ("GSM"), with its principal place of business located in Miami, Florida.

8.      Marco Antonio Quintero a/k/a Marcelo Quintero a/k/a Marco J. Quintero and d/b/a WireleXelectroniX.com and Wirelexelectronix ("Quintero"), is an individual who, upon information and belief, is a resident of the State of Florida.

9.      Quintero is also, upon information and belief, the principal of GSM.

10.     Upon information and belief, yet to be identified John Does and Jane Does 1-50 are present and/or doing business in Florida, California, Texas, Kansas and/or Missouri, and are subject to the jurisdiction of this Court.   The identities of the various John and Jane Doe defendants are not presently known and the Complaint herein will be amended to include the name or names of these individuals when such information becomes available.

11.     Upon information and belief, the XYZ Companies, 1-50, through their agents, servants, and employees are present and/or doing business in Florida, California, Texas, Kansas and/or Missouri and are, or shall be, subject to the jurisdiction of this Court.  The identities of such defendants are not presently known and the Complaint herein will be amended to include the names of the actual defendants when such information becomes available.

12.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338, and 17 U.S.C. § 1203 because TracFone's claims for violations of the United States Copyright Act, 17 U.S.C. § 501, and United States Trademark Act, 15 U.S.C. § 1051 *et seq.*, arise under federal law.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over TracFone's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

13.     The Defendants are subject to the personal jurisdiction of this Court pursuant to the following Florida statutes: (i) section 48.193(1)(a) -- because the Defendants have conducted, engaged in and carried out a business venture in the State of Florida, (ii) section 48.193(1)(b) -- because the Defendants have committed tortious acts within this State, (iii) section 48.193(1)(f)1 -- because the Defendants have caused injury to persons within this State arising out of an act or omission by the Defendants outside of this State while the defendant was engaged in solicitation or service activities within this State, and (iv) section 48.193(1)(g) -- because the Defendants

breached a contract in this State by failing to perform acts required by the contract to be performed in this State.

14.     The Defendants are also subject to this Court's personal jurisdiction pursuant to section 48.193(2) because the Defendants have engaged in substantial and not isolated activity within this State.

15.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and 1400 because Defendants maintain their principal offices and/or reside in this District, TracFone maintains its principal place of business in this District, the impact of Defendants' misconduct occurred in this District, a significant part of Defendants' misconduct occurred in this District, and the Defendants are subject to personal jurisdiction in this District.

## TRACFONE'S BUSINESS MODEL

16.     TracFone is the largest provider of prepaid wireless telephone service in the United States, and markets its service under both the TracFone and NET10 brands.  TracFone's service enables its customers to prepay for their wireless service by purchasing TracFone airtime cards and specially manufactured wireless Phones.   Customers load airtime into their TracFone/NET10 Prepaid Phones using codes generated from PIN numbers found on the airtime cards, or via TracFone's website.  TracFone/NET10 Prepaid Phones and airtime cards are sold through major national retailers such as Wal-Mart, Target, and Sam's Club.

17.     TracFone is considered a "Mobile Virtual Network Operator" or "MVNO" in the wireless industry.  The company is not a facilities-based wireless provider like AT&T, Verizon, T-Mobile or Sprint/Nextel.  Rather, TracFone contracts with facilities-based wireless providers to purchase airtime on their networks for use by TracFone's customers.

18.     TracFone's business model is based upon TracFone's ability to deliver an affordable product to its consumers.  In order to do so, TracFone subsidizes its customers' acquisition of the TracFone/NET10 Prepaid Phones by selling the Phones for substantially less than TracFone's cost.  TracFone recoups this subsidy through profits earned on the sale of the TracFone prepaid airtime cards.  The airtime cards are required to make and receive calls on the Phones.  TracFone is able to offer its Phones at affordable prices by subsidizing its customers' acquisition costs only if the Phones are used as intended on the TracFone prepaid wireless system.

## TRACFONE'S FEDERALLY PROTECTED RIGHTS

19.     TracFone is one of the oldest and leading providers of prepaid wireless telecommunications services in the United States.  TracFone has used, and continues to use, trademarks in commerce including the marks TracFone and NET10.  In particular, TracFone owns and has also used the registered trademarks identified below:

a.  Incontestable United States Trademark Registration No. 2,114,692 for TracFone, used in connection with: (1) electronic communications equipment, namely, cellular telephones, prepaid airtime cellular telephones and cellular telephone accessories, namely, prepaid airtime debit cards, battery chargers, stands, antennae, voice amplifiers and microphones; computer programs for use in controlling and monitoring prepaid airtime cellular telephone service, in International Class 9; (2) providing cellular telephone services and providing monitoring and control services for use in conjunction with prepaid airtime cellular phones and debit cards, in International Class 38; and (3) wholesale distributorship featuring of cellular telephones, prepaid airtime cellular telephones and prepaid airtime debit cards, and software for controlling and monitoring

prepaid airtime cellular service, in International Class 42, issued on November 18, 1997 and based on a first use date of June 30, 1996;

b.   United States Trademark Registration No. 2,761,017 for TracFone and Design, used in connection with: (1) electronic communications equipment, namely, cellular telephones; prepaid air time cellular telephones; cellular telephone accessories, namely, battery chargers, stands, antennae, headset kits comprised of hands free electronic earpiece with microphone and holster, hands free headsets, cases with flaps, power adapters, batteries, carry sleeves, face plates, belt clips, holsters, mounting attachments, in International Class 9; (2) on-line retail store services featuring cellular telephones, pre-paid wireless air time cards, cellular telephone accessories and wireless services, in International Class 35; and (3) providing cellular telephone services and providing monitoring and control services for use in conjunction with prepaid air time cellular phones and debit cards, in International Class 38, issued on September 9, 2003 and based on a first use date of December 2000;

c.   United States Trademark Registration No. 3,224,929 for TracFone Nationwide Prepaid Wireless and Design, used in connection with electronic communications equipment, namely, cellular telephones; prepaid air time cellular telephones; cellular telephone accessories, namely, battery chargers, stands, antennae, headset kits comprised of hands free electronic earpiece with microphone and holster, hands free headsets, cases with flaps, power adapters, batteries, carry sleeves, face plates, belt clips, holsters, mounting attachments, in International Class 9, issued on April 3, 2007 and based on a first use date of December 31, 2005;

d.  United States Trademark Registration No. 3,222,623 for TracFone Nationwide Prepaid Wireless and Design, used in connection with distributorship services featuring cellular telephones, prepaid air time cellular telephone and prepaid air time debit cards, and software for controlling and monitoring prepaid air time cellular service, in International Class 35, issued on March 27, 2007 and based on a first use date of December 31, 2005;

e.  United States Trademark Registration No. 3,118,250 for NET10, used in connection with: (1) monitoring the use of debit cards, in International Class 36; and (2) providing monitoring and control services for use in conjunction with prepaid air time cellular and mobile phones, in International Class 38, issued on July 18, 2006 and based on a first use date of March 1, 2005;

f.  United States Trademark Registration No. 3,255,754 for NET10 Pay As You Go Made Simple and Design, used in connection with cellular telephone communications services provided via prepaid air time cellular telephones and prepaid air time cellular calling card services, in International Class 38, issued on June 26, 2007 and based on a first use date of December 31, 2005;

g.  United States Trademark Registration No. 3,253,506 for NET10 Pay As You Go Made Simple and Design, used in connection with electronic communications equipment, namely, cellular telephones; prepaid air time cellular telephones; cellular telephone accessories, namely, telephone battery chargers, telephone battery charger stands, telephone antennae, headset kits comprised of hands free electronic earpiece with microphone and holster specially adapted for cellphones, hands free headsets comprising headphones and a microphone, cases with flaps specially adapted for cellphones, power

adapters, batteries, carry sleeves specially adapted for cell phones, decorative cellphone face plates, belt clips, holsters, and mounting attachments specially adapted for carrying cellphones, in International Class 9, issued on June 19, 2007 and based on a first use date of December 31, 2005; and

h.   United States Trademark Registration No. 3,251,389 for NET10 Pay As You Go Made Simple and Design, used in connection with distributorship services featuring cellular telephones, prepaid air time cellular telephones and prepaid air time debit cards, and software for controlling and monitoring prepaid air time cellular service, in International Class 35, issued on June 12, 2007 and based on a first use date of December 31, 2005.

20.    TracFone's marks (the "Marks") constitute the lawful, valued, subsisting and exclusive property of TracFone, and as a result of the high quality of TracFone's products, services, sales, promotion and advertising, the marks have become an intrinsic and essential part of the valuable goodwill and property of TracFone, and are well known and established to customers and the trade as symbols identifying and distinguishing TracFone's products and services, and signifying distinctive services of exceptional quality.  True and correct copies of the certificates of registration issued by the United States Patent and Trademark Office for the Marks are attached as **Composite Exhibit A**.

21.    TracFone also holds a valid copyright registration, TX 6-515-894, on the TracFone Prepaid Software.  A true and correct copy of the certificate of registration is attached as **Exhibit B**.

**TERMS AND CONDITIONS GOVERNING THE**
**USE OF TRACFONE/NET 10 PREPAID PHONES**

22.     TracFone/NET10 Prepaid Phones are sold subject to terms and conditions

("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones.

These Terms and Conditions are set forth in printed inserts that are included in the packaging

with every Phone and are also available to the general public on TracFone's website. The Terms

and Conditions are referenced in printed warnings that are placed on the outside of the retail

packaging of the Phones. The Terms and Conditions constitute a valid binding contract.

23.     The warnings that appear on the outside of the TracFone retail packaging,

conspicuously printed in all capital letters in a red banner, provide as follows:

> THIS TRACFONE HANDSET IS SOLD EXCLUSIVELY FOR USE WITH
> TRACFONE PREPAID WIRELESS SERVICE.   YOU AGREE NOT TO
> TAMPER WITH OR ALTER THE SOFTWARE OR HARDWARE IN THIS
> PHONE, OR ASSIST OTHERS IN SUCH ACTS, OR TO EXPORT
> TRACFONE HANDSETS OUTSIDE OF THE UNITED STATES.   THESE
> ACTS VIOLATE TRACFONE'S RIGHTS AND COULD VIOLATE STATE
> AND FEDERAL LAWS. TRACFONE WILL PROSECUTE VIOLATORS TO
> THE FULL EXTENT OF THE LAW. BY PURCHASING OR OPENING THIS
> PACKAGE, YOU ARE AGREEING TO THESE TERMS AND THE TERMS
> AND CONDITIONS OF SERVICE IN THE ENCLOSED USER GUIDE (AND
> AVAILABLE AT WWW.TRACFONE.COM).

NET10 handsets have similar language on the outside of the retail packaging, also on a

red background in bold letters, as follows:

> **This NET10 handset is sold exclusively for use with NET10 prepaid wireless**
> **service.  By purchasing or opening this package, you are agreeing to these**
> **terms and the terms and conditions of service enclosed (and available at**
> **www.net10.com).  You agree not to tamper with or alter the software or**
> **hardware in this phone, or assist others in such acts, or to export NET10**
> **handsets outside of the United States.  These acts violate TracFone's rights**
> **and could violate state and federal laws.  TracFone will prosecute violators to**
> **the full extent of the law.**

24.     The Terms and Conditions included in the TracFone handset packaging provide,

in pertinent part, as follows:

**UNAUTHORIZED USAGE.**  The TRACFONE handset is sold exclusively for use with the TRACFONE prepaid wireless Service. You agree not to tamper with or alter your TRACFONE or its software, enter unauthorized PIN numbers, engage in any other unauthorized or illegal use of your TRACFONE or the Service, or assist others in such acts, or to export TRACFONE handsets outside of the United States.  Improper, illegal or unauthorized use of your TRACFONE may result in immediate discontinuance of Service. These acts violate TRACFONE's rights and could violate state and federal laws. TRACFONE will prosecute violators to the full extent of the law.

Similarly, the Terms and Conditions that are included in the packaging for the NET10 handsets provide, in pertinent part, as follows:

**UNAUTHORIZED USAGE**
The NET10 handset is sold exclusively for use with the NET10 Prepaid Wireless Service. You agree not to tamper with or alter your NET10 or its software, enter unauthorized PIN numbers, engage in any other unauthorized or illegal use of your NET10 or the Service, or assist others in such acts, or export NET10 handsets outside of the United States. Improper, illegal or unauthorized use of your NET10 may result in immediate discontinuance of Service. These acts violate NET10's rights and could violate state and federal laws. NET10 will prosecute violators to the full extent of the law.

25.      The restrictions and limitations set forth in the Terms and Conditions and on the retail packaging of TracFone/NET10 Phones are intended to restrict the use of the Phones solely to TracFone's wireless system.

26.      TracFone/NET10 Prepaid Phones are specially designed and manufactured for TracFone for use exclusively in the United States, Puerto Rico, and the U.S. Virgin Islands on TracFone/NET10's prepaid wireless service (the "Coverage Area").   The Phones are factory loaded with special proprietary prepaid software, developed, copyrighted and owned by TracFone ("TracFone Prepaid Software").  The software permits the use of the TracFone/NET10 Prepaid Phones exclusively on TracFone's prepaid wireless system.

27.      TracFone/NET10 Prepaid Phones cannot access TracFone's system outside of the Coverage Area unless the TracFone Prepaid Software is unlawfully removed.

12340924.9                                          10

## DEFENDANTS' MISCONDUCT

28.     TracFone has discovered that large quantities of its Phones, purchased at retailers throughout the United States, are never activated for use on TracFone's prepaid system.

29.     TracFone has learned that persons, such as Defendants, are purchasing and selling TracFone/NET10 Prepaid Phones in bulk quantities for use outside of the TracFone system.

30.     Defendants acquire bulk quantities of TracFone/NET10 Prepaid Phones from others ("Resellers") who acquire the phones in bulk quantities from internet sites and retail stores such as Wal-Mart, Target or Sam's Club.  Upon information and belief, Defendants also solicit other persons ("Runners") to purchase TracFone/NET10 Prepaid Phones in bulk on behalf of Defendants.

31.     Defendants acquire the TracFone/NET10 Prepaid Phones with the knowledge and intent that the Phones will not be activated for use on the TracFone/NET10 system.

32.     Defendants remove the Phones from their original retail packaging and cause the Phones to be unlocked or computer-hacked and then reflashed.  The Phones are unlocked or computer-hacked so the Defendants and/or their co-conspirators may gain access to the TracFone/NET10 copyrighted software that is factory loaded onto the Phone.  The Phones are then reflashed with the result that TracFone's copyrighted and proprietary software is altered, erased, removed or disabled in violation of TracFone's copyright.

33.     The process of reflashing or unlocking TracFone/NET10 Prepaid Phones involves circumventing the electronic protections installed in the handset, and then erasing, removing and/or disabling the TracFone Prepaid Software.  Defendants' actions are not for the sole purpose of lawfully connecting to a wireless telephone communication network.

34.     Once a TracFone Prepaid Phone has been unlocked or reflashed, it is no longer operable within TracFone's prepaid wireless system, and could be further modified so as to become operable on other cellular networks.   Once this occurs, TracFone no longer has a revenue source to recoup the invested subsidy on that Phone.

35.     The reflashed Phones are then trafficked and resold, at a premium, as new, under TracFone's trademarks.

36.     Unless unlocked and reflashed, the TracFone/NET10 Prepaid Phones are inoperable outside of the Coverage Area.

37.     The Coverage Area is plainly disclosed in TracFone's packaging and in the Terms and Conditions.  There is no reason to ship TracFone/NET10 Phones overseas unless the intent is to unlawfully unlock and reflash the Phones.

38.     Upon information and belief, Defendants conduct the Bulk Resale Scheme out of an office located at 1660 N.W. 54th Avenue, Unit 10, Miami, Florida under the business name WireleXelectroniX.com, which is neither a registered corporation nor a registered fictitious name.   In addition, upon information and belief, Defendants are conducting the Bulk Resale Scheme through eBay under the member name Wirelexelectronix.

39.     Between July 26, 2006 and November 15, 2006, Defendants purchased over 7,000 TracFone Prepaid Phones from Phones N Phones, a Reseller based in Carrollton, Texas.

40.     Upon information and belief, the Defendants unlocked and reflashed the Phones acquired from Phones N Phones so that the Phones were no longer operable on TracFone's system.  Upon information and belief, the Defendants sold the reflashed Phones for use on other wireless networks outside the United States.

## SUBSTANTIAL HARM CAUSED BY DEFENDANTS' MISCONDUCT

41.     Defendants' actions substantially harm TracFone by depriving TracFone of the opportunity to recoup its losses on the sale of its TracFone/NET10 Prepaid Phones and to earn profits by providing wireless service to legitimate TracFone consumers.

42.     Because the Defendants remove the Phones from their original packaging and/or ship the Phones outside the United States, they do not carry TracFone's manufacturer's warranty. Accordingly, TracFone/NET10 Prepaid Phones differ materially from the genuine TracFone/NET10 Prepaid Phones sold by authorized TracFone retailers, all of which carry a manufacturer's warranty.

43.     In addition, removing the Phones from the original packaging and altering the software irreparably harms TracFone because it deprives TracFone of the means to control the quality of its product.

44.     The conduct of Defendants, their unknown co-conspirators, and others who engage in the unlawful bulk purchasing, reflashing, and sale of reflashed and altered TracFone/NET10 Prepaid Phones has also resulted in a shortage of available TracFone/NET10 Prepaid Phones, thereby substantially harming TracFone and its relationship with retailers and consumers because TracFone is not able to supply retailers with sufficient handsets to satisfy the demand from legitimate consumers.  As a result, TracFone is losing potential consumers to other wireless competitors.

45.     Defendants' actions substantially harm TracFone and consumers who ultimately purchase TracFone handsets that have been improperly reflashed or unlocked.  These altered TracFone/NET10 Prepaid Phones will not work as intended.  Consumers of these altered phones

are unable to access TracFone's prepaid wireless service. Consumers of the altered phones are misled as to the source, sponsorship and origin of their reflashed wireless phone.

46.     The process of reflashing or unlocking a TracFone/NET10 Prepaid Phone voids the manufacturer's warranty on the device. In addition, the sale of a TracFone/NET10 Prepaid Phone outside of the United States also voids the manufacturer's warranty. Both consumers and TracFone are harmed when a TracFone/NET10 Prepaid Phone that has been altered or sold outside of this country by Defendants or their co-conspirators is submitted for warranty repair. Because the warranty is voided on reflashed Phones or Phones sold abroad, consumers who purchase Phones from Defendants or their co-conspirators are unable to obtain warranty service in the event they experience problems with their Phones. As a result, TracFone's reputation suffers further.

47.     Defendants' conduct has also resulted in the dilution of TracFone's trademarks, substantial harm to TracFone's business reputation and goodwill and a greater likelihood of confusion, mistake and deception as to the source of origin of TracFone products unlawfully sold by the Defendants and as to the relationship between TracFone and Defendants.

## CIVIL PROCEEDINGS IN OTHER FEDERAL COURTS

48.     Federal courts have recognized that conduct similar or identical to Defendants' violates existing civil laws.

49.     TracFone and Nokia Corporation ("Nokia") have filed various independent lawsuits in the United States District Courts for the Southern District of Florida, Middle District of Florida, Northern District of Texas and Southern District of Texas against other defendants similarly engaged in the practice of defrauding legitimate consumers, TracFone and Nokia, by

12340924.9                                    14

bulk purchasing prepaid wireless telephones and reflashing, repackaging, and reselling the counterfeit prepaid wireless phones for profit.

50.     TracFone and Nokia have obtained Final Judgments and Permanent Injunctions in these cases, sample copies of which are attached hereto as **Composite Exhibit C.**

**COUNT ONE**
**BREACH OF CONTRACT**

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

51.     By purchasing TracFone/NET10 Prepaid Phones, Defendants acknowledged and agreed to the Terms and Conditions included with each Phone as conspicuously printed on the package and as contained in the printed inserts packaged with the Phones.

52.     The Terms and Conditions constitute a valid binding contract between TracFone and Defendants.

53.     TracFone has performed or tendered performance in accordance therewith.

54.     Defendants have breached the Terms and Conditions by, *inter alia,* purchasing TracFone/NET10 Prepaid Phones with the specific intent to reflash or unlock the phones or ship the phones outside of the United States.

55.     TracFone has suffered damages as a result of Defendants' breach of the Terms and Conditions.

**COUNT TWO**
**FEDERAL TRADEMARK INFRINGEMENT**

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

56.     Defendants' and/or their co-conspirator's aforementioned conduct constitutes use of the Marks without authorization in connection with their conspiracy to sell and offer for sale reflashed and counterfeit TracFone/NET10 Prepaid Phones, which downstream customers will discover are not capable for use with the TracFone prepaid wireless service.

57.     Defendants' and/or their co-conspirator's use of the Marks in connection with the sale of reflashed and counterfeit TracFone/NET10 Phones has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of Defendants' counterfeit products, and the relationship between TracFone and Defendants.

58.     Defendants' and/or their co-conspirator's unauthorized use of the Marks is likely to continue in the future, all to the great and irreparable damage to the business, reputation and goodwill of TracFone.

59.     Defendants' and/or their co-conspirator's use and sale of the Marks in connection with the reflashed and counterfeit TracFone/NET10 Phones, which are no longer capable of use with the TracFone prepaid wireless service constitutes a misappropriation of TracFone's distinguishing and identifying Marks that were created as a result of effort and expense by TracFone over a long period of time.  Defendants' and/or their co-conspirator's use of the Marks evokes an immediate, favorable impression or association and constitutes a false representation that the products and business of Defendants have some connection, association, or affiliation with TracFone, and thus constitutes false designation of origin.

60.     Defendants, in committing the foregoing acts in commerce, have damaged, and will continue to damage, TracFone and the reputation and goodwill of TracFone, and each has unjustly enriched and will continue to unjustly enrich his or herself at the expense of TracFone.

TracFone is without an adequate remedy at law to redress such acts, and will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

61.     Defendants' aforesaid acts constitute willful infringement of TracFone's federally registered trademarks in violation of 15 U.S.C. § 1114.

## COUNT THREE
## FEDERAL UNFAIR COMPETITION

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

62.     Defendants' conduct, described with more particularity in this Complaint, constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

63.     TracFone has been damaged, or is likely to be damaged, by Defendants' conduct.

## COUNT FOUR
## COMMON LAW UNFAIR COMPETITION

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

64.     Defendants' conduct in purchasing and inducing others to purchase the Phones, disabling or removing, inducing others to disable or remove, and/or assisting others to disable or remove, the TracFone Prepaid Software and replacing it with other software, and reselling and/or assisting others to resell the handsets as new for activation of other wireless networks constitutes unfair competition, under the common law of the State of Florida.

65.     Defendants' conduct in selling, inducing others to sell, and/or assisting others to sell reflashed or unlocked Phones for the purpose of being reflashed or unlocked, which cannot

be activated on the TracFone prepaid wireless network constitutes unfair competition under the common law of the State of Florida. Defendants' conduct complained of herein was intentional, malicious, and willful.

66.     TracFone has suffered substantial damages as a result of Defendants' unfair competition.

## COUNT FIVE
## CONTRIBUTORY TRADEMARK INFRINGEMENT

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

67.     By misappropriating and using the Marks in connection with the Bulk Resale Scheme, Defendants knowingly aided and enabled distributors and/or sellers of its products to market them to members of the general public in a way that infringes the Marks by placing in the hands of distributors and/or sellers an instrument of consumer deception.

68.     Defendants' unlawful, unauthorized, and unlicensed sale of the reflashed or unlocked TracFone/NET10 Prepaid Phones has thus contributed to the creation of express and implied misrepresentations that the TracFone/NET10 Prepaid Phones, as sold by Defendants, were created, authorized, or approved by TracFone, and may be used with TracFone's prepaid wireless service.

69.     Upon information and belief, Defendants' conduct has led to post-sale confusion by causing consumers who purchase TracFone/NET10 Prepaid Phones altered by Defendants to believe that they are purchasing handsets with software licensed or approved by TracFone.

70.     Defendants' conduct constitutes contributory infringement in violation of the Trademark Act. Defendants' conduct is intentional, malicious and willful.

71.     TracFone has suffered substantial damages as a result of Defendants' contributory infringement.

**COUNT SIX**
**COPYRIGHT INFRINGEMENT OF THE PREPAID SOFTWARE**

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

72.     TracFone has the exclusive right to reproduce and prepare derivative works of its federally copyrighted TracFone Prepaid Software pursuant to 17 U.S.C. § 106.

73.     Defendants' and/or its co-conspirators' actions in reflashing or otherwise modifying the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized derivate work of the TracFone Prepaid Software.

74.     Defendants' and/or its co-conspirators' actions in improperly reflashing the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized reproduction of the TracFone Prepaid Software.

75.     Defendants know or should know their conduct constitutes copyright infringement under Title 17 of the United States Code.

76.     Defendants' actions have damaged and will continue to irreparably injure TracFone unless Defendants' conduct is enjoined by this Court.

**COUNT SEVEN**
**CIRCUMVENTION OF COPYRIGHTED SOFTWARE PROTECTION SYSTEM**

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

77.     The TracFone Prepaid Software contains technological measures that in the ordinary course of the measures' operation require the application of information, or a process or a treatment, with TracFone's authority, to gain access to the proprietary software, as set forth in 17 U.S.C. § 1201.

78.     The TracFone Prepaid Software contains technological measures that effectively control access to the proprietary software.

79.     TracFone did not give Defendants or their co-conspirators authority to reflash, unlock, or otherwise to avoid, bypass, remove, disable, deactivate, or impair the technological measures for effectively controlling access to and operation of the TracFone Prepaid Software.

80.     TracFone did not grant Defendants or their co-conspirators the authority to circumvent the technological measures for effectively controlling access to the TracFone Prepaid Software.

81.     Defendants acted, and/or knowingly engaged in a conspiracy, to avoid, bypass, remove, disable, deactivate, or impair a technological measure for effectively controlling access to the proprietary software without TracFone's authority.

82.     Defendants engaged in this misconduct for the purpose of reselling the altered devices for a profit, and not for the sole purpose of lawfully connecting to a wireless telephone communication network.

83.     Defendants acted to, and/or knowingly engaged in a conspiracy designed to, circumvent a technological measure that effectively controls access to the TracFone Prepaid Software that is protected under title 17 of the United States Code, and thereby violated 17 U.S.C. § 1201.

84.     Defendants' conduct has caused and, unless restrained, will continue to cause TracFone severe, immediate, and irreparable injury and damages for which TracFone has no adequate remedy at law.  TracFone is entitled to injunctive relief restraining such conduct, an award of damages, including punitive damages, as well as other equitable and legal relief.

### COUNT EIGHT
### TRAFFICKING IN CIRCUMVENTION TECHNOLOGY

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

85.     Defendants are, or are knowingly facilitating co-conspirators who are, in possession of certain instrumentalities that avoid, bypass, remove, disable, deactivate, or otherwise impair the technological measures within the TracFone Prepaid Software that effectively control access to the proprietary TracFone Prepaid Software.

86.     Defendants are, or are knowingly facilitating co-conspirators who are, trafficking in the service of circumventing the technological measures that protect the TracFone Prepaid Software from alteration or modification.

87.     Individuals purchasing altered phones from Defendants or their co-conspirators purchase both the TracFone/NET10 Prepaid Phone and the service of circumventing the technological measures that protect the TracFone Prepaid Software from alteration or modification provided by Defendants or their co-conspirators.

88.     Accordingly, Defendants are, or are knowingly facilitating co-conspirators who are, trafficking in the service of circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software by offering to the public its alteration service for a fee.

89.    The service of altering the TracFone Prepaid Software in TracFone/NET10 Prepaid Phones is primarily designed or produced for the purpose of circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software that is protected under title 17 of the United States Code.

90.    Accordingly, Defendants have violated, and continue to violate, Section 1201 of the Copyright Act and, as a result, TracFone has been irreparably injured and will continue to be irreparably injured unless the violating activities of Defendants are enjoined by this Court.

91.    The service of altering the TracFone Prepaid Software has, at most, only a limited commercially significant purpose or use other than circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software that is protected under title 17 of the United States Code.

92.    Therefore, Defendants have violated, and continue to violate, Section 1201 of the Copyright Act and, as a result, TracFone has been irreparably injured and will continue to be irreparably injured unless the violating activities of Defendants are enjoined by this Court.

## COUNT NINE
## UNFAIR COMPETITION AND FALSE ADVERTISING

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

93.    Defendants' and/or their co-conspirator's conduct in bulk purchasing TracFone/NET10 Prepaid Phones, reflashing, disabling or removing the TracFone Prepaid Software from these Phones, and reselling these reflashed Phones was and is willful and constitutes an unfair method of competition, an unconscionable act or practice, and/or an unfair or deceptive act or practice in violation of § 501.204, Fla. Stat.

94.     The TracFone/NET10 Prepaid Phones that Defendants and/or their co-conspirators re-flashed and sold as new are branded with the Marks.  Defendants' participation in the sale of altered and counterfeit TracFone/NET10 Prepaid Phones as new products carrying the Marks constitutes an unfair method of competition, an unconscionable act or practice, and/or an unfair or deceptive act or practice in violation of § 501.204, Fla. Stat.

95.     TracFone has suffered damage as a direct and proximate result of Defendants' conduct.  Pursuant to § 501.211, Fla. Stat., TracFone is entitled to entry of an injunction enjoining Defendants from any further violations of the statute.  Section 501.211 further provides that TracFone is entitled to recover its actual damages, plus attorneys' fees and court costs.

## COUNT TEN
## CIVIL CONSPIRACY

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

96.     An agreement and conspiracy existed and continues to exist between and among the Defendants and other co-conspirators, to unlawfully bulk purchase, traffic and resell unlawfully reflashed and counterfeit TracFone/NET10 Prepaid Phones under the Marks.

97.     Defendants each knowingly agreed to engage, and did engage, in one or more overt acts in furtherance of the conspiracy as set forth with more particularity in this complaint.

98.     TracFone has been proximately damaged by the conspiracy and Defendants' actions in furtherance of the conspiracy.

## COUNT ELEVEN
## UNJUST ENRICHMENT

TracFone reasserts the allegations set forth in paragraphs 1 through 50 above, as though fully set forth herein.

99.     By bulk purchasing the TracFone/NET10 Prepaid Phones below the manufacturers' cost of the phones, Defendants obtained benefits from TracFone that have resulted in significant financial benefits to Defendants through their resale of the bulk purchased TracFone/NET10 Prepaid Phones.

100.    Defendants acquired the benefits voluntarily and with full knowledge.

101.    Defendants have retained the benefits under such circumstances that make it unjust and inequitable for Defendants to retain the benefits without paying TracFone the value of the benefits Defendants' acquired.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues.

WHEREFORE, Plaintiff, TracFone Wireless, Inc., a Delaware corporation, respectfully requests that this Court enter final judgment and permanent injunctive relief in favor of TracFone and against Defendants, GSM GROUP, INC., a Florida Corporation, d/b/a WireleXelectroniX.com and Wirelexelectronix, and MARCO ANTONIO QUINTERO a/k/a Marcelo Quintero a/k/a Marco J. Quintero, individually, and d/b/a WireleXelectroniX.com and Wirelexelectronix, as follows:

(a)    awarding TracFone its compensatory, consequential, statutory, special, treble, and punitive damages including, without limitation, its lost profits, loss of goodwill and damage to its reputation, as provided by law, together with pre and post judgment interest;

(b)    awarding TracFone its reasonable attorneys' fees and costs of this action,

(c)    awarding TracFone permanent injunctive relief against Defendants enjoining Defendants from engaging in the unlawful practices described in this complaint;

(d)   requiring Defendants, pursuant to the Lanham Act, to deliver their entire inventory of phones bearing or infringing any of the Marks or a confusingly similar copy thereof, to TracFone; and

(e)   granting such further relief as this Court deems just and proper.

DATED this 5th day of December 2007.

Respectfully submitted,

James B. Baldinger, Trial Counsel
Florida Bar Number 869899
Christopher M. Paolini
Florida Bar Number 669199
CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: 561.659.7070
Facsimile:  561.659.7368
Email: JBaldinger@carltonfields.com
           CPaolini@carltonfields.com

Steven J. Brodie
Florida Bar Number 333069
Maria C. Montenegro
Florida Bar Number 996084
CARLTON FIELDS, P.A.
P.O. Box 019101
Miami, FL 33131-9101
Telephone:  305.530.0050
Facsimile:   305.530.0055
Email: SBrodie@carltonfields.com
           MMontenegro@carltonfields.com

*Attorneys for Plaintiff, TracFone Wireless, Inc.*

# COMPOSITE EXHIBIT "A"

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 3,222,623

United States Patent and Trademark Office

Registered Mar. 27, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: DISTRIBUTORSHIP SERVICES FEATUR-
ING CELLULAR TELEPHONES, PREPAID AIR
TIME CELLULAR TELEPHONE AND PREPAID
AIR TIME DEBIT CARDS, AND SOFTWARE FOR
CONTROLLING AND MONITORING PREPAID
AIR TIME CELLULAR SERVICE, IN CLASS 35
(U.S. CLS. 100, 101 AND 102).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NOS. 2,114,692, 2,761,017
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "NATIONWIDE PREPAID WIRE-
LESS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS TRAC-
FONE NATIONWIDE PREPAID WIRELESS WITH
THE O IN TRACFONE APPEARING AS A SPIRA-
CLE.

SER. NO. 78-892,046, FILED 5-24-2006.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 3,224,929

Registered Apr. 3, 2007

## TRADEMARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIP-
MENT, NAMELY, CELLULAR TELEPHONES; PRE-
PAID AIR TIME CELLULAR TELEPHONES;
CELLULAR TELEPHONE ACCESSORIES, NAME-
LY, BATTERY CHARGERS, STANDS, ANTENNAE,
HEADSET KITS COMPRISED OF HANDS FREE
ELECTRONIC EARPIECE WITH MICROPHONE
AND HOLSTER, HANDS FREE HEADSETS, CASES
WITH FLAPS, POWER ADAPTERS, BATTERIES,
CARRY SLEEVES, FACE PLATES, BELT CLIPS,
HOLSTERS, MOUNTING ATTACHMENTS, IN
CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NOS. 2,114,692, 2,761,017
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "NATIONWIDE PREPAID WIRE-
LESS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS TRAC-
FONE NATIONWIDE PREPAID WIRELESS WITH
THE O IN TRACFONE APPEARING AS A SPIRA-
CLE.

SER. NO. 78-892,025, FILED 5-24-2006.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

Int. Cls.: 9, 35 and 38

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101, 102 and 104

Reg. No. 2,761,017

United States Patent and Trademark Office

Registered Sep. 9, 2003

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

# TracF⊚NE

TRACFONE WIRELESS, INC. (FLORIDA COR-PORATION)
8390 NW 25TH STREET
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIP-MENT, NAMELY, CELLULAR TELEPHONES; PRE-PAID AIR TIME CELLULAR TELEPHONES; CELLULAR TELEPHONE ACCESSORIES, NAME-LY, BATTERY CHARGERS, STANDS, ANTENNAE, HEADSET KITS COMPRISED OF HANDS FREE ELECTRONIC EARPIECE WITH MICROPHONE AND HOLSTER, HANDS FREE HEADSETS, CASES WITH FLAPS, POWER ADAPTERS, BATTERIES, CARRY SLEEVES, FACE PLATES, BELT CLIPS, HOLSTERS, MOUNTING ATTACHMENTS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-2000; IN COMMERCE 12-0-2000.

FOR: ON-LINE RETAIL STORE SERVICES FEA-TURING CELLULAR TELEPHONES, PRE-PAID WIRELESS AIR TIME CARDS, CELLULAR TELE-PHONE ACCESSORIES AND WIRELESS SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-0-2000; IN COMMERCE 12-0-2000.

FOR: PROVIDING CELLULAR TELEPHONE SERVICES AND PROVIDING MONITORING AND CONTROL SERVICES FOR USE IN CONJUNCTION WITH PREPAID AIR TIME CELLULAR PHONES AND DEBIT CARDS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 12-0-2000; IN COMMERCE 12-0-2000.

OWNER OF U.S. REG. NO. 2,114,692.

SER. NO. 76-396,136, FILED 4-15-2002.

CATHERINE FAINT, EXAMINING ATTORNEY

Int. Cls.: 9, 38, and 42

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101, and
104

Reg. No. 2,114,692

## United States Patent and Trademark Office

Registered Nov. 18, 1997

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## TRACFONE

TOPP, INC. (FLORIDA CORPORATION)
8280 N.W. 27TH STREET
SUITE 506
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIPMENT, NAMELY, CELLULAR TELEPHONES, PREPAID AIRTIME CELLULAR TELEPHONES AND CELLULAR TELEPHONE ACCESSORIES, NAMELY, PREPAID AIRTIME DEBIT CARDS, BATTERY CHARGERS, STANDS, ANTENNAE, VOICE AMPLIFIERS AND MICROPHONES; COMPUTER PROGRAMS FOR USE IN CONTROLLING AND MONITORING PREPAID AIRTIME CELLULAR TELEPHONE SERVICE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-30-1996; IN COMMERCE 6-30-1996.

FOR: PROVIDING CELLULAR TELEPHONE SERVICES AND PROVIDING MONITORING AND CONTROL SERVICES FOR USE IN CONJUNCTION WITH PREPAID AIRTIME CELLULAR PHONES AND DEBIT CARDS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 6-30-1996; IN COMMERCE 6-30-1996.

FOR: WHOLESALE DISTRIBUTORSHIP FEATURING OF CELLULAR TELEPHONES, PREPAID AIRTIME CELLULAR TELEPHONES AND PREPAID AIRTIME DEBIT CARDS, AND SOFTWARE FOR CONTROLLING AND MONITORING PREPAID AIRTIME CELLULAR SERVICE, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 6-30-1996; IN COMMERCE 6-30-1996.

SN 75-074,390, FILED 3-18-1996.

DAVID NICHOLSON, EXAMINING ATTORNEY

Int. Cls.: 36 and 38

Prior U.S. Cls.: 100, 101, 102, and 104

Reg. No. 3,118,250

## United States Patent and Trademark Office

Registered July 18, 2006

### SERVICE MARK
### PRINCIPAL REGISTER

# NET 10

TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25TH STREET
MIAMI, FL 33122

FOR: MONITORING THE USE OF DEBIT CARDS,
IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 3-1-2005; IN COMMERCE 3-1-2005.

FOR: PROVIDING MONITORING AND CON-
TROL SERVICES FOR USE IN CONJUNCTION
WITH PREPAID AIR TIME CELLULAR AND MO-
BILE PHONES, IN CLASS 38 (U.S. CLS. 100, 101 AND
104).

FIRST USE 3-1-2005; IN COMMERCE 3-1-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SN 78-509,584, FILED 11-2-2004.

HOWARD B. LEVINE, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 3,251,389

United States Patent and Trademark Office

Registered June 12, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA CORPORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: DISTRIBUTORSHIP SERVICES FEATURING CELLULAR TELEPHONES, PREPAID AIR TIME CELLULAR TELEPHONES AND PREPAID AIR TIME DEBIT CARDS, AND SOFTWARE FOR CONTROLLING AND MONITORING PREPAID

AIR TIME CELLULAR SERVICE, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NO. 3,118,250.

SER. NO. 78-918,070, FILED 6-27-2006.

KAPIL BHANOT, EXAMINING ATTORNEY

Int. Cl.: 38

Prior U.S. Cls.: 100, 101 and 104

Reg. No. 3,255,754

## United States Patent and Trademark Office

Registered June 26, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA CORPORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: CELLULAR TELEPHONE COMMUNICATIONS SERVICES PROVIDED VIA PREPAID AIR TIME CELLULAR TELEPHONES AND PREPAID AIR TIME CELLULAR CALLING CARD SERVICES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NO. 3,118,250.

SER. NO. 78-918,078, FILED 6-27-2006.

KAPIL BHANOT, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,253,506

Registered June 19, 2007

## TRADEMARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIP-
MENT, NAMELY, CELLULAR TELEPHONES; PRE-
PAID AIR TIME CELLULAR TELEPHONES;
CELLULAR TELEPHONE ACCESSORIES, NAME-
LY, TELEPHONE BATTERY CHARGERS, TELE-
PHONE BATTERY CHARGER STANDS,
TELEPHONE ANTENNAE, HEADSET KITS COM-
PRISED OF HANDS FREE ELECTRONIC EAR-
PIECE WITH MICROPHONE AND HOLSTER
SPECIALLY ADAPTED FOR CELLPHONES,
HANDS FREE HEADSETS COMPRISING HEAD-
PHONES AND A MICROPHONE, CASES WITH
FLAPS SPECIALLY ADAPTED FOR CELLPHONES,
POWER ADAPTERS, BATTERIES, CARRY SLEEVES
SPECIALLY ADAPTED FOR CELLPHONES, DEC-

ORATIVE CELLPHONE FACE PLATES, BELT
CLIPS, HOLSTERS, AND MOUNTING ATTACH-
MENTS SPECIALLY ADAPTED FOR CARRYING
CELLPHONES , IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NO. 3,118,250.

THE MARK CONSISTS OF THE WORDS NET10
WITH TWO ALIGNED TRIANGLES EMANATING
FROM THE NUMBER "1", WITH THE WORDS PAY
AS YOU GO MADE SIMPLE UNDERNEATH.

SER. NO. 78-918,088, FILED 6-27-2006.

JESSICA A. POWERS, EXAMINING ATTORNEY

# EXHIBIT "B"

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Non-Dramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 6-515-894

EFFECTIVE DATE OF REGISTRATION

9 - 15 - 06
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**
Computer Program for Cellular Handset-Resident Prepaid System

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

**a** **NAME OF AUTHOR ▼**
TracFone Wireless, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☑ No
Pseudonymous?    ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Author created portions of computer program

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☐ No
Pseudonymous?    ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Author created portions of computer program

**c** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☐ No
Pseudonymous?    ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2002

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶    Day ▶    Year ▶ 2003    Nation

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
TracFone Wireless, Inc., 8390 N.W. 25th Street, Miami, FL 33122

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
DEC 1 8 2006
ONE DEPOSIT RECEIVED    9-15-06
TWO DEPOSITS RECEIVED    9-15-06
FUNDS RECEIVED

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-11) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ____ pages

PAR000206

# COMPOSITE EXHIBIT "C"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRACFONE WIRELESS, INC..

      Plaintiff.

                                    CASE NO.: 6:06-CV-01257-ORL-18-UAM

vs.

CLINTON RIEDEMAN d/b/a
LARRY'S CELL, LAWRENCE RIEDEMAN
d/b/a LARRY'S CELL, RIEDCOR. INC. d/b/a
LARRY'S CELL, and ROBIN KETCHAM
d/b/a LARRY'S CELL,

      Defendants.
_____/

FINAL JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANT RIEDCOR, INC.

      Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit

against Defendant, Riedcor, Inc. d/b/a Larry's Cell, ("Defendant"). asserting that Defendant was

engaged in an unlawful enterprise that involves the acquisition, sale and counterfeiting of large

quantities of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones")

purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation

and payment of others to bulk purchase TracFone Prepaid Phones for Defendant's benefit.

computer hacking and erasing or otherwise disabling the prepaid software installed in the

TracFone Prepaid Phones essential for consumers to access TracFone's prepaid wireless

network, or reselling the Phones to others who disable the software. and ultimately sell the

counterfeit Phones as new under incontestable TracFone trademarks for the unauthorized use

outside of the TracFone prepaid wireless system.

TracFone asserted claims against the Defendant for circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et. seq.,* tortious interference with business relationships and prospective advantages business relationships between TracFone and its manufacturers, unfair competition and deceptive trade practices under § 501.204, Fla. Stat., and injury to business reputation and dilution of marks under § 495.151, Fla. Stat. Accordingly, it is hereby,

**ORDERED, ADJUDGED and DECREED** that:

1.    This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's pleadings.

2.    The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,71,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone.

3.    The Court finds that the Defendant has violated the following statutes: 17 U.S.C. § 1201 (circumvention of technological measures that control access to proprietary software under the DMCA and trafficking in services that circumvent technological measures protecting copyrighted software), 15 U.S.C. § 1114 (trademark infringement), 15 U.S.C. § 1125 (unfair competition), §§ 501.204 and 501.211, Fla. Stat. (unfair competition, deceptive trade practices

and false advertising) and § 495.151, Fla. Stat. (injury to business reputation and dilution of trademarks). The Court further finds that Defendant's conduct, alleged in the complaint, constitutes tortuous interference with TracFone's advantageous business relationship and has caused substantial harm to TracFone, and will continue to cause substantial harm to TracFone unless enjoined.

     4.    On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendant of liability for his violations of the DMCA as alleged in Counts I through III of TracFone's complaint, because the Defendant's conduct as alleged in this case does not come within the scope of the new exemption. The Defendant's purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

     5.    TracFone has suffered damages, including loss of goodwill and damage to its reputation, as a result of the Defendant's conduct. TracFone is entitled to injunctive relief and damages on the claims set forth in the complaint.

MIA#2635272.2

6.     Final judgment is hereby entered against the Defendant, Riedcor, Inc., and in favor of the Plaintiff, TracFone Wireless. Inc., on all of the claims set forth in TracFone's complaint.  Plaintiff, TracFone Wireless, Inc, a Florida corporation, 8390 NW 25th Street, Miami, FL 33122, shall recover from Defendant, Riedcor, Inc., a Florida corporation, 1722 West Acre Drive, St. Cloud, Florida 34769, the sum of TWO MILLION DOLLARS ($2,000,000.00), plus costs in the sum of one thousand two hundred dollars ($1,200.00). which shall bear interest at the legal rate, for which let execution issue.

7.     Defendant. Riedcor. Inc., and each and all of its representatives, agents, employees, independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with Riedcor, Inc. who receive notice of this order shall be and hereby are PERMANENTLY ENJOINED from:

    a. purchasing and/or selling any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone Handsets").  Specifically, the Defendant is enjoined from purchasing and/or selling all models of TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's website, http://tracfone.com/activation_pick_brand.jsp, including without limitation the following TracFone cellular handsets:

| | | |
|---|---|---|
| Motorola W370 | Motorola C155 | Nokia 1112 |
| Motorola C261 | Motorola C343 | Nokia 1600 |
| Motorola C139 | Nokia 2126 | Nokia 2285 |
| Motorola V176 | Nokia 2126i | LG 3280 |
| Motorola V170 | Nokia 2600 | LG CG225 |
| Motorola V171 | Nokia 1100 | LG 1500 |

    b. reflashing and/or unlocking of any TracFone Handset;

    c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;

    d. facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

    e. facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets; and

    f. knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks. without TracFone's prior written authorization.

    8.    The last known address of Defendant Riedcor, Inc. is 1722 West Acre Drive, St. Cloud, Florida 34769.

    9.    The address of Plaintiff, TracFone Wireless, Inc., is 8390 NW 25th Street, Miami. FL 33122.

    10.    Defendant Riedcor, Inc. and TracFone waive their right to appeal from the entry of this Final Judgment.

    11.    The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt

MIA#2635272.2

and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for

each TracFone Handset that Defendant is found to have purchased, sold, or unlocked in violation

of this injunction.

      12.    The prevailing party in any proceeding to enforce compliance with the terms of

this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

      13.    This case remains pending against the other Defendants named in TracFone's

pleadings. The Court finds that there is no just reason for delay of the entry of judgment against

Defendant, Riedcor. Inc., and therefore directs the Clerk to enter Judgment as set forth herein.

*See* Fed. R. Civ. P. 54(b).

      DONE AND ORDERED in Orlando, Florida, this _____ day of _____, 2007.

_____
The Honorable G. Kendall Sharp
United States District Judge

Copies furnished to:

James B. Baldinger, *Counsel for TracFone Wireless*
Jeffrey Blau, *Counsel for Defendant Robin Ketcham*
Frank Killgore, Jr. and Alyson Innes, *Counsel for Defendants Clinton Riedeman. Lawrence Riedeman and Reidcor. Inc.*

Case 1:07-cv-21243-JLK   Document 26   Entered on FLSD Docket 08/27/2007   Page 1 of 8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 07-21243-CIV-KING

TRACFONE WIRELESS, INC., a
Florida corporation,

     Plaintiff,

vs.

GASBOY TEXAS, INC., a Texas corporation,
OOZI ENTERPRISES, INC., a Texas
corporation, NOORUDDIN SULTAN ALI
a/k/a BOB ALI, individually,
SHAHNAWAZ ALI,
individually, JOHN DOE NOS. 1 through
20,
individually,

     Defendants.

_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION

  Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned

lawsuit against Defendants, GasBoy Texas, Inc., a Texas corporation ("GasBoy"), ,

Nooruddin Sultan Ali a/k/a Bob Ali, individually ("Bob Ali"), and Shahnawaz Ali,

individually ("Shahnawaz Ali") (collectively "Defendants"), asserting that Defendants are

engaged in an unlawful enterprise involving the acquisition, sale and counterfeiting of

large quantities of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or

"Phones") that causes substantial and irreparable harm to TracFone (the "Bulk Resale

Venture").

  TracFone asserts that Defendants perpetrate the Bulk Resale Venture by acquiring

bulk quantities of TracFone Prepaid Phones from retail stores such as Wal-Mart, Target

or Sam's Club, and by soliciting others to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants. TracFone asserts that Defendants acquire the TracFone Prepaid Phones with the actual or constructive knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network and that the Phones will be computer-hacked. The purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones ("TracFone Proprietary Software""), which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system. TracFone asserts that the reflashed Phones are then trafficked and resold overseas, at a premium, as new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless system.

TracFone Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone Prepaid Phones agree: (a) to use their Phones only in conjunction with TracFone's prepaid wireless service, (b) not to tamper with or alter TracFone Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone service, or

assist others in such acts, and (c) not to export any TracFone Prepaid Phones outside of the United States.

As a result of the Bulk Resale Venture, TracFone has asserted claims against Defendants for breach of contract; federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"); unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et. seq.*; tortious interference with business relationships and prospective advantages business relationships between TracFone and its manufacturers; unfair competition and false advertising under Fla. Stat. § 501.204; harm to goodwill and business reputation under Fla. Stat. § 495.151; civil conspiracy; and unjust enrichment. The Court, having reviewed the Complaint and file and being otherwise duly advised in the premises, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

2. The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone, United States Trademark Registration No. 2,761,017, issued September 9, 2003, for TracFone and United States Trademark Registration No. 3,118,250 for Net 10, issued July 18, 2006 (collectively the "Registered TracFone

Trademarks"). The Registered TracFone Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No. 2,114,692 is incontestable. The Court further finds that TracFone holds a valid and enforceable copyright on the TracFone Proprietary Software.

3.  The Court finds that the Terms and Conditions and the language on the packaging constitute a valid binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use TracFone Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone Prepaid Phones outside of the United States, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

4.  The Court finds that the conduct alleged in the complaint, if proven would violate the following statutes: 15 U.S.C. § 1114 (trademark infringement); copyright infringement under Title 17 of the United States Code; 17 U.S.C. § 1201 (circumvention of technological measures that control access to proprietary software under the DMCA and trafficking in services that circumvent technological measures protecting copyrighted software); 15 U.S.C. § 1125 (unfair competition); and unfair competition and false advertising under Fla. Stat. § 501.204; harm to goodwill and business reputation under Fla. Stat. § 495.151. The Court further finds that the conduct alleged in the complaint, if proven, would constitute tortious interference with TracFone's advantageous business relationship, civil conspiracy, and unjust enrichment, and has caused substantial and

irreparable harm to TracFone, and would continue to cause substantial and irreparable harm to TracFone unless enjoined.

5.   On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)).  The Court finds that this new exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in Counts IV and V of TracFone's complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption.  The Defendants' purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network."  Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

6.   TracFone has suffered damages, including loss of goodwill and damage to its reputation, as a result of the Defendants' conduct.  TracFone is entitled to injunctive relief on the claims set forth in the complaint.

7.   Final judgment is hereby entered against the Defendants, GasBoy Texas, Inc., a Texas corporation,  Nooruddin Sultan Ali a/k/a Bob Ali, individually, and Shahnawaz Ali, individually, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint.

8.  Defendants GasBoy Texas, Inc. and Nooruddin Sultan Ali a/k/a Bob Ali are jointly and severally liable for the damages caused to TracFone by their participation in the Bulk Resale Venture and shall pay TracFone a confidential sum of money in accordance with the parties' settlement agreement.

9.  Defendants, and each and all of their representatives, agents, employees, independent contractors, servants and any and all persons and entities, including the Defendants' relatives and associates, in active concert and participation with them, who receive notice of this order, shall be and hereby are PERMANENTLY ENJOINED from:

   a.  Purchasing, selling and/or shipping any wireless mobile phone that they know or should know bears any Registered TracFone Trademark, or any other trademark or service mark owned by TracFone, any other model of wireless mobile device sold or marketed by TracFone or any of its affiliated or related entities, such as America Movil, bearing any Registered TracFone Trademark ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing, selling, and/or shipping, directly or indirectly, all models of TracFone Handsets, including Net10 products, regardless of whether such devices are new or used, whether in or out of their original packaging, or whether "locked," "unlocked," "reflashed," or otherwise modified in any way by any person. This injunction applies to all TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's websites, http://tracfone.com/activation_pick_brand.jsp and www.net10.com, including without limitation the following TracFone

Handsets:

| | | |
|---|---|---|
| Motorola W370 | Nokia 2126 | LG 3280 |
| Motorola C261 | Nokia 2126i | LG CG225 |
| Motorola C139 | Nokia 2600 | LG 1500 |
| Motorola V176 | Nokia 1100 | |
| Motorola V170 | Nokia 1112 | |
| Motorola V171 | Nokia 1600 | |
| Motorola C155 | Nokia 2285 | |
| Motorola C343 | | |

   b.  reflashing and/or unlocking of any TracFone Handset;

   c.  accessing, altering, erasing, tampering with, deleting or otherwise

disabling TracFone's proprietary prepaid cellular software contained

within any and all models of TracFone Handsets;

   d.  supplying TracFone Handsets to or facilitating or in any way assisting

other persons or entities who Defendants know or should know are

engaged in reflashing and/or unlocking TracFone Handsets and/or

hacking, altering, erasing, tampering with, deleting or otherwise disabling

the software installed in TracFone Handsets;

   e.  supplying TracFone Handsets to, or facilitating or assisting, in any way,

other persons or entities who Defendants know or should know are

engaged in any of the acts prohibited under this permanent injunction

including, without limitation, the buying , selling and/or shipping of

locked or unlocked TracFone Handsets; and

   f.  knowingly using the Registered TracFone Trademarks or any other

trademark owned or used by TracFone now or in the future, without

TracFone's prior written authorization.

   10. The purchase, sale, or shipment of any TracFone Handsets without TracFone's

prior written consent within and/or outside of the continental United States is and shall be

deemed a presumptive violation of this permanent injunction.

   11. The last known address of Defendant GasBoy is 3218 Commander Drive,

12. The last known address of Defendant Bob Ali is 974 Mallard Drive, Coppell, TX 75019.

13. The last known address of Defendant Shahnawaz Ali is 974 Mallard Drive, Coppell, TX 75019.

14. The address of Plaintiff, TracFone Wireless, Inc. is 9700 NW 112th Avenue, Medley, FL 33178.

15. Defendants waive their right to appeal from the entry of this Final Judgment.

16. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for each TracFone Handset that a Defendant is found to have purchased, sold, unlocked or shipped in violation of this injunction.

17. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

18. This Case is Closed

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida on this 24 day of _____Aug_____, 2007.

THE HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies furnished to:
James B. Baldinger, *Counsel for TracFone Wireless*
Janet T. Munn, *Counsel for Defendants*
Molly Buck Richard, *Counsel for Defendants*

Westlaw.

475 F.Supp.2d 1236
Page 1

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))

C

United States District Court,
M.D. Florida,
Orlando Division.
TRACFONE WIRELESS, INC., a Florida
corporation, Plaintiff,
v.
Ryan Maurice DIXON, a/k/a Derrick Johnson a/k/a
Derrick Johnzun a/k/a Derrick
Jonzun, individually and d/b/a Piphy Productions
and Give-A-Gift-Basket; Tracy
Nicole Dixon, individually and d/b/a Piphy
Productions and Give-A-Gift-Basket;
and Lost in the 80'S, LLC., a Georgia limited
liability company, Defendants.
No. 6:07-CV-0013-ORL-18-JGG.

Feb. 26, 2007.

**Background:** Prepaid wireless telephone provider
brought action alleging that resellers unlawfully
disabled its copyrighted and proprietary software
installed in phones and resold them as new under
provider's trademarks for unauthorized use outside
of its system. Provider moved for permanent
injunction.

**Holding:** The District Court, G. Kendall Sharp,
J., held that resellers' actions did not fall within
exception to Digital Millennium Copyright Act
(DMCA).
Motion granted.

West Headnotes

**Copyrights and Intellectual Property** ⌷67.3
99k67.3 Most Cited Cases
Resellers' actions in disabling prepaid wireless
telephone provider's copyrighted and proprietary
software installed in phones and reselling them as
new for unauthorized use outside of its system did
not fall within exception to Digital Millennium
Copyright Act (DMCA) for computer programs in

form of firmware to enable wireless telephone
handsets to connect to wireless telephone
communication network, where resellers unlocked
provider's handsets for purpose of reselling those
handsets for profit, and not for sole purpose of
lawfully connecting to wireless telephone
communication network. 17 U.S.C.A. § 1201; 37
C.F.R. § 201.40(b).

**Trademarks** ⌷1800
38ZTk1800 Most Cited Cases
TracFone.
*1236 Christopher Mark Paolini, Carlton Fields,
P.A., Orlando, FL, James Blaker Baldinger,
Carlton Fields, P.A., West Palm Beach, FL, Steven
J. Brodie, Carlton Fields, P.A., Miami, FL, for
Plaintiff.

Ryan Maurice Dixon, Douglasville, GA, Pro se.

Tracy Nicole Dixon, Douglasville, GA, Pro se.

Lost in the 80'S, LLC, Douglasville, GA, Pro se.

*FINAL JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANTS RYAN
MAURICE DIXON,
TRACY NICOLE DIXON AND LOST IN THE
80'S LLC*

G. KENDALL SHARP, District Judge.

**1** Plaintiff, TracFone Wireless, Inc.
("TracFone"), brought the above-captioned lawsuit
against Defendants, Ryan Maurice Dixon a/k/a
Derrick Johnson a/k/a Derrick Johnzun a/k/a
Derrick Jonzun, individually and d/b/a PIPHY
Productions and Give-A-Gift-Basket; Tracy Nicole
Dixon, individually and d/b/a PIPHY Productions
and Give-A-Gift-Basket; and Lost in the 80's, LLC,
a Georgia limited liability company (collectively the
"Defendants"), alleging that Defendants are
engaged in two unlawful schemes that have caused

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

475 F.Supp.2d 1236

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))

Page 2

substantial harm to TracFone and to consumers generally.

\*1237 TracFone alleges Defendants' first scheme (the "Bulk Resale Scheme") involves the unauthorized and unlawful bulk purchase and resale of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones"), unauthorized and unlawful computer unlocking of TracFone Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and ultimate sale of counterfeited Phones to unsuspecting end users for profit.

TracFone alleges Defendants perpetrate the Bulk Resale Scheme by acquiring bulk quantities of TracFone Prepaid Phones from retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting others to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants. TracFone alleges Defendants acquire the TracFone Prepaid Phones with the actual or constructive knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network and that the Phones will be computer-hacked. TracFone alleges the purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system. TracFone alleges the reflashed Phones are then trafficked and resold, at a premium, as new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless system.

TracFone alleges Defendants' other scheme (the "Fraudulent Airtime Scheme"), provides Defendants with another mechanism for unlawfully profiting from their bulk acquisition of TracFone Prepaid Phones by exploiting TracFone's "Refer-A-Friend" promotion (the "Promotion"). TracFone alleges Defendants recruit customers for their Fraudulent Airtime Scheme via their websites, www. tracfoneusa.com and www.lostinthe80s/active_tracfones.htm, which contain unauthorized reproductions of the TracFone

trademarks and logo, and deceives consumers into believing the scheme is legitimate and authorized by TracFone. TracFone alleges Defendants fraudulently obtain free airtime from TracFone through the Promotion then sell the airtime to unsuspecting third parties for a profit.

TracFone asserted claims against the Defendants for federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, et. seq. as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, et. seq.; trademark violation for domain name misuse; federal unfair competition under 15 U.S.C. § 1125; tortious interference with business relationships and prospective advantages business relationships between TracFone and its manufacturers; unfair competition and false advertising under § 501.204, Fla. Stat.; injury to business reputation and dilution of marks under § 495.151, Fla. Stat.; fraud; civil conspiracy; and unjust enrichment. Defendants admit their liability under the claims asserted by TracFone. The Court, having considered the Complaint, Declarations and Exhibits, Memorandum of Law, and further evidence submitted therewith by TracFone and Defendants, accordingly hereby:

\*\*2 ORDERS, ADJUDGES and DECREES that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

\*1238 2. The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,71,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

475 F.Supp.2d 1236

Page 3

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))

exclusively with TracFone.

3. TracFone owns all right, title and interest to the domain name *www.tracfone.com*.

4. The Court finds that the conduct, although unintentional, alleged by TracFone in the Complaint violates the following statutes: federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.*; trademark violation for domain name misuse; federal unfair competition under 15 U.S.C. § 1125; unfair competition and false advertising under § 501.204, Fla. Stat. The Court further finds that Defendants' conduct, alleged in the Complaint, constitutes tortious interference with TracFone's business relationships and prospective advantages business relationships between TracFone and its manufacturers, fraud, civil conspiracy, and unjust enrichment.

5. The Court finds Defendants' conduct, independently, in both the Bulk Resale Scheme and the Fraudulent Airtime Scheme, has caused substantial harm to TracFone and the public interest, and will continue to cause substantial harm to TracFone and the public interest, unless enjoined. Consequently, TracFone is entitled to injunctive relief on the claims set forth in its Complaint.

6. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed.Reg. 68472 (Nov. 27.2006) (amending 37

C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in Counts IE and IV of TracFone's Complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption. The Defendants' misconduct and involvement in unlocking TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

**3 7. Final judgment is hereby entered against the Defendants, Ryan Maurice Dixon, Tracy Nicole Dixon, and Lost in the 80's, LLC, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's Complaint.

8. Defendants, and each and all of their representatives, agents, assigns, employees, *1239 independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with them who receive notice of this Order shall be and hereby are PERMANENTLY ENJOINED from:

a. purchasing and/or selling, except for their own personal use, any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated regularly on *http:// tracfone.com/activation_pick_brand.jsp.* TracFone's website, including without limitation the following cellular phone handsets:
Nokia 1100
Nokia 1112
Nokia 1221
Nokia 2126

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-23166-JEM  Document 1  Entered on FLSD Docket 12/06/2007  Page 55 of 99
Case 4:07-cv-02206  Document 1-7  Filed 07/06/2007  Page 36 of 36
011903
Page 5 of 5

475 F.Supp.2d 1236

Page 4

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))

Nokia 2285
Nokia 2600
Nokia 2610
Nokia 3390
Nokia 5100
Nokia 252 (Analog)
Nokia 282 (Analog)
Nokia 918 (Analog)
Motorola V170
Motorola V176
Motorola C139
Motorola C155
Motorola C261
Motorola C343
Motorola V60
Motorola 120
Motorola Ballina
LG 3280
LG 5150
LG C1300
LG C1500
LG CG225
Uniden 2000
Uniden Minicel
StarTrac
Radio Shack
MicroTac
Profile
Lifestyle 500
b. reflashing and/or unlocking of any TracFone Handset;
c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;
d. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;
e. reselling, or participating in or facilitating the resale by others, of TracFone airtime units, airtime cards, or prepaid airtime minutes;
f. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts

prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets;
g. using or operating websites with a domain names *www.tracfoneusa.com* **1240** or which uses "*tracfones*" or "*tracfone*"; and
h. knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

**4 9. Defendants and TracFone waive their right to appeal from the entry of this Final Judgment.

10. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless. Inc. in an amount of not less than $5,000 for each TracFone Handset that Defendants are found to have purchased, sold, or unlocked in violation of this injunction.

11. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21242-CIV-KING/GARBER

TRACFONE WIRELESS, INC.
a Florida corporation,

        Plaintiffs,

vs.

PHONES PHONES, INC., a Texas
Corporation, WIRELESS HOUSING,
INC., a Texas corporation, ASPAC, INC.,
a Texas corporation, MURAD MEHDI
VELANI, individually, AMIN
SAYANI, a/k/a Naushad Sayani,
Individually, and JOHN DOES NOS.
1 through 20, individually,

        Defendants.

_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION

      Plaintiff, TracFone Wireless, Inc. ('TracFone'), brought the above-captioned lawsuit

against Defendants, Phones N Phones, Inc., a Texas corporation ('Phones'), Wireless Universe,

Inc., a Texas corporation ('Wireless'), Aspac, Inc., a Texas corporation ('Aspac'), Murad Mehdi

Velani, individually ('Velani'), Naushad Sayani, individually ('Naushad') and Celina Sayani,

individually ('Celina'), and (collectively 'Defendants'), asserting that Defendants are engaged in an

unlawful enterprise involving the acquisition, sale and counterfeiting of large quantities of

TracFone prepaid wireless telephones ('TracFone Prepaid Phones' or 'Phones') that causes

substantial and irreparable harm to TracFone (the 'Bulk Resale Venture').

      Defendants perpetrate the Bulk Resale Venture by acquiring bulk quantities of TracFone

Prepaid Phones from retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting

               1

others to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants.  TracFone asserts that Defendants acquire the TracFone Prepaid Phones with the actual or constructive knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network and that the Phones will be computer-hacked.  The purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones ("TracFone Proprietary Software"), which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system.  TracFone asserts that the reflashed Phones are then trafficked and resold overseas, at a premium, as new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless system.

TracFone Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website.  The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones.  The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone Prepaid Phones agree: (a) to use their Phones only in conjunction with TracFone's prepaid wireless service, (b) not to tamper with or alter TracFone Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone service, or assist others in such acts, and (c) not to export any TracFone Prepaid Phones outside of the United States.

As a result of the Bulk Resale Venture, TracFone has asserted claims against Defendants for breach of contract; federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ('DMCA'); unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et. seq.*; tortious interference with business relationships and prospective advantages business relationships between TracFone and its manufacturers; unfair competition and false advertising under §§ 501.204 and 501.211, Fla. Stat.; harm to TracFone's goodwill and reputation under § 495.151, Fla. Stat.; civil conspiracy; and unjust enrichment. Defendants filed an Answer, denying TracFone's allegations. The Court, having reviewed the Complaint and file and being otherwise duly advised in the premises, it is hereby

ORDERED, ADJUDGED and DECREED that:

1.  This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2.  The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone, United States Trademark Registration No. 2,761,017, issued September 9, 2003, for TracFone and United States Trademark Registration No. 3,118,250 for Net 10, issued July 18, 2006 (collectively the 'Registered TracFone Trademarks'). The Registered TracFone Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No.

2,114,692 is incontestable. The Court further finds that TracFone holds a valid and enforceable copyright on the TracFone Proprietary Software.

3. The Court finds that the Terms and Conditions and the language on the packaging constitute a valid binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use TracFone Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone Prepaid Phones outside of the United States, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

4. The Court finds that the conduct alleged in the complaint, if proven would violate the following statutes: 15 U.S.C. § 1114 (trademark infringement); copyright infringement under Title 17 of the United States Code; 17 U.S.C. § 1201 (circumvention of technological measures that control access to proprietary software under the DMCA and trafficking in services that circumvent technological measures protecting copyrighted software); 15 U.S.C. § 1125 (unfair competition); unfair competition and false advertising under §§ 501.204 and 501.211, Fla. Stat.; and harm to TracFone's goodwill and reputation under § 495.151, Fla. The Court further finds that the conduct alleged in the complaint, if proven, would constitute tortious interference with TracFone's advantageous business relationship, civil conspiracy, and unjust enrichment, and has caused substantial and irreparable harm to TracFone, and would continue to cause substantial and irreparable harm to TracFone unless enjoined.

4

5.   On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in Counts IV and V of TracFone's complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption. The Defendants' purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

6.   TracFone has suffered damages, including loss of goodwill and damage to its reputation, as a result of the Defendants' conduct. TracFone is entitled to injunctive relief on the claims set forth in the complaint.

7.   Final judgment is hereby entered against the Defendants, Phones N' Phones, Inc., a Texas corporation, Wireless Universe, Inc., a Texas corporation, Aspac, Inc., a Texas corporation, Murad Mehdi Velani, individually, Naushad Sayani, individually and Celina Sayani, individually (collectively 'Defendants'), and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint.

8.   Defendants, and each and all of their representatives, agents, employees, independent contractors, servants and any and all persons and entities, including the Defendants' relatives and

associates, in active concert and participation with them, who receive notice of this order, shall

be and hereby are PERMANENTLY ENJOINED from:

   a. Purchasing, selling and/or shipping any wireless mobile phone that they know or

   should know bears any Registered TracFone Trademark, any other trademark

   owned by TracFone, or any other model of wireless mobile device sold or

   marketed by TracFone or any of its affiliated or related entities, such as America

   Movil, bearing any Registered TracFone Trademark ("TracFone Handsets").

   Specifically, the Defendants are enjoined from purchasing, selling and/or

   shipping, directly or indirectly, all models of TracFone Handsets, including Net

   10 products, regardless of whether such devices are new or used, whether in or

   out of their original packaging, or whether "locked," "unlocked," "reflashed," or

   otherwise modified in any way by any person. This injunction applies to all

   TracFone Handsets currently offered for sale by TracFone, or that may be offered

   for sale in the future, as listed and updated from time to time on TracFone's

   websites, http://tracfone.com/activation_pick_brand.jsp and www.net10.com,

   including without limitation the following TracFone Handsets:-

| | | |
|---|---|---|
| Motorola W370 | Nokia 2126 | LG 3280 |
| Motorola C261 | Nokia 2126i | LG CG225 |
| Motorola C139 | Nokia 2600 | LG 1500 |
| Motorola V176 | Nokia 1100 | |
| Motorola V170 | Nokia 1112 | |
| Motorola V171 | Nokia 1600 | |
| Motorola C155 | Nokia 2285 | |
| Motorola C343 | | |

   b. reflashing and/or unlocking of any TracFone Handset;

   c.  accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;

   d.  supplying TracFone Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

   e.  supplying TracFone Handsets to, or facilitating or assisting, in any way, other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying , selling and/or shipping of locked or unlocked TracFone Handsets; and

   f.  knowingly using the Registered TracFone Trademarks or any other trademark owned or used by TracFone now or in the future, without TracFone's prior written authorization.

9. The shipment of any TracFone Handsets within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

10. The last known address of Defendant Phones N' Phones, Inc 4325 Rice Lane, Carrollton, TX 75010.

11. The last known address of Defendant Wireless Universe, Inc. 4325 Rice Lane, Carrollton, TX 75010.

12. The last known address of Defendant Aspac, Inc. is 1620 N. I-30, Suite 308, Carrollton, TX 75006.

13. The last known address of Defendant Murad Mehdi Velani is 1220 Indian Run Drive, Carrollton, TX 75010.

14. The last known address of Defendant Naushad Sayani is 4325 Rice Lane, Carrollton, TX 75010.

15. The last known address of Defendant Celina Sayani is 4325 Rice Lane, Carrollton, TX 75010.

16. The address of Plaintiff, TracFone Wireless, Inc., is 8390 NW 25th Street, Miami, FL 33122.

17. Defendants waive their right to appeal from the entry of this Final Judgment.

18. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for each TracFone Handset that a Defendant is found to have purchased, sold, unlocked or shipped in violation of this injunction.

19. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

DONE AND ORDERED in Dallas, Texas, this 30 day of Aug , 2007.

United States District Judge

Copies furnished to:
James B. Baldinger, *Counsel for TracFone Wireless*
Janet T. Munn, *Counsel for Defendants*

Molly Buck Richard, *Counsel for Defendants*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRACFONE WIRELESS, INC.,

      Plaintiff,

                              CASE NO.: 6:06-CV-01257-ORL-18-JGG

vs.

CLINTON RIEDEMAN d/b/a LARRY'S CELL,
LAWRENCE RIEDEMAN d/b/a LARRY'S CELL,
and ROBIN KETCHAM d/b/a LARRY'S CELL,

      Defendants.

_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT CLINTON RIEDEMAN

      Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit against Defendant, Clinton Riedeman d/b/a Larry's Cell, ("Defendant"), asserting that Defendant was engaged in an unlawful enterprise that involves the acquisition, sale and counterfeiting of large quantities of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk purchase TracFone Prepaid Phones for Defendant's benefit, computer hacking and erasing or otherwise disabling the prepaid software installed in the TracFone Prepaid Phones essential for consumers to access TracFone's prepaid wireless network, or reselling the Phones to others who disable the software, and ultimately sell the counterfeit Phones as new under incontestable TracFone trademarks for the unauthorized use outside of the TracFone prepaid wireless system.

      TracFone asserted claims against the Defendant for circumvention of technological

measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et. seq.*, tortious interference with business relationships and prospective advantages business relationships between TracFone and its manufacturers, unfair competition and deceptive trade practices under § 501.204, Fla. Stat., and injury to business reputation and dilution of marks under § 495.151, Fla. Stat. On September 18, 2006, the Court entered a Default against all of the Defendants, including Defendant, Clinton Riedeman. Accordingly, it is hereby,

ORDERED, ADJUDGED and DECREED that:

1.    This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2.    The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,716,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone.

3.    The Court finds that the Defendant has violated the following statutes: 17 U.S.C. § 1201 (circumvention of technological measures that control access to proprietary software under the DMCA and trafficking in services that circumvent technological measures protecting copyrighted software), 15 U.S.C. § 1114 (trademark infringement), 15 U.S.C. § 1125 (unfair competition), §§ 501.204 and 501.211, Fla. Stat. (unfair competition, deceptive trade practices

and false advertising) and § 495.151, Fla. Stat. (injury to business reputation and dilution of trademarks). The Court further finds that Defendant's conduct, alleged in the complaint, constitutes tortuous interference with TracFone's advantageous business relationship and has caused substantial harm to TracFone, and will continue to cause substantial harm to TracFone unless enjoined.

4.    On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendant of liability for his violations of the DMCA as alleged in Counts I through III of TracFone's complaint, because the Defendant's conduct as alleged in this case does not come within the scope of the new exemption. The Defendant's purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

5.    TracFone has suffered damages, including loss of goodwill and damage to its reputation, as a result of the Defendant's conduct. TracFone is entitled to injunctive relief and damages on the claims set forth in the complaint.

MIA#2635272.2

6.    Final judgment is hereby entered against the Defendant, Clinton Riedeman, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint.

7.    Defendant, Clinton Riedeman, and each and all of his representatives, agents, employees, independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with them who receive notice of this order shall be and hereby are PERMANENTLY ENJOINED from:

a.  purchasing and/or selling any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's website, http://tracfone.com/activation_pick_brand.jsp, including without limitation the following TracFone handsets:

| Motorola W370 | Nokia 2126 | LG 3280 |
| Motorola C261 | Nokia 2126i | LG CG225 |
| Motorola C139 | Nokia 2600 | LG 1500 |
| Motorola V176 | Nokia 1100 | |
| Motorola V170 | Nokia 1112 | |
| Motorola V171 | Nokia 1600 | |
| Motorola C155 | Nokia 2285 | |
| Motorola C343 | | |

b.  reflashing and/or unlocking of any TracFone Handset;

M1A#2635272.2

c.   accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;

d.   facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

e.   facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets; and

f.   knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

8.   The last known address of Defendant Clinton Riedeman is 1722 West Acre Drive, St. Cloud, FL 34769.

9.   The address of Plaintiff, TracFone Wireless, Inc., is 8390 NW 25th Street, Miami, FL 33122.

10.   Defendant, Clinton Riedeman, and TracFone waive their right to appeal from the entry of this Final Judgment.

11.   The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for

011871

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 05-23279-CIV-Altonaga/Turnoff

-------------------------------------------x
TRACFONE WIRELESS, INC.,                    :
a Florida corporation,                      :
                                            :
            *Plaintiff*,                     :
                                            :
    v.                                      :
                                            :
SOL WIRELESS GROUP, INC.,                   :
a Florida corporation, CARLOS PINO,         :
an individual, and JORGE ROMERO,            :
an individual,                              :
                                            :
            *Defendants*.                    :
-------------------------------------------x

**CLOSED
CIVIL
CASE**

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff TracFone Wireless, Inc. ("TracFone"), filed a Complaint on December 21, 2005 asserting that Defendants Sol Wireless Group, Inc., Carlos Pino, and Jorge Romero (collectively "the Sol Wireless Defendants") are purchasing TracFone prepaid wireless telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and erasing or disabling the TracFone proprietary prepaid software that enables consumers to access TracFone's prepaid wireless service, and then reselling the wireless telephones as new for use on other wireless carriers' networks/systems. Based on that conduct, the Complaint asserts claims against the Sol Wireless Defendants for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, unfair

011872

competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.*, circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq.*, trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et seq.*, tortious interference with business relationships and prospective advantage, and tortious interference with the business relationship between TracFone and Nokia Corporation ("Nokia"). On January 13, 2006, TracFone filed a motion for preliminary injunction and expedited discovery with supporting declarations and exhibits and accompanying memoranda of law. The Sol Wireless Defendants have denied the allegations of TracFone's Complaint. This Court having considered the Complaint, declarations and exhibits, memoranda of law, and further evidence submitted therewith, it is hereby:

ORDERED, ADJUDGED, and DECREED that:

1.   This Court has jurisdiction over all the parties and all of the claims for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.*, circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq.*, trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et seq.*, tortious interference with business relationships and prospective advantage, and tortious interference with business relationship between TracFone and Nokia, asserted in the above action.

2

PAR000221

2.    Plaintiff owns all right, title, and interest in and to the trademark TRACFONE.

3.    Defendants and any of their representatives, subsidiaries, related or affiliated entities, agents, servants, and employees, and any and all persons and entities in active concert and participation with them who receive notice of this order by personal service or otherwise, shall be and hereby are permanently enjoined from:

    i.    purchasing or selling any wireless mobile phone bearing the TRACFONE trademark ("TracFone phones");

    ii.    engaging in the alteration or unlocking of any TracFone phones;

    iii.    facilitating or in any way assisting other persons or entities that the Sol Wireless Defendants knew or should have known were engaged in altering or unlocking any TracFone phone;

    iv.    using either the TRACFONE trademark, or any other mark that is likely to cause confusion therewith, without authorization;

    v.    misrepresenting any used products as new or in any way infringing on TracFone's trademarks or misrepresenting that TracFone warrants the used and/or re-conditioned phones.

4.    This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violations of the terms of this Final Judgment and Permanent Injunction by a finding of contempt and a payment of damages to TracFone in an amount of not less than $5,000.00 for each wireless phone that the Sol Wireless Defendants are found to have purchased, sold, or unlocked in violation of this injunction.

3

PARD000222

211874

5.      The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

DONE AND ORDERED in chambers at Miami, Florida, this 27 day of February, 2006.

HON. CECILIA M. ALTONAGA
United States District Judge

4

PAR000223



## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

Case No. 06-20011-CIV-ALTONAGA/Turnoff

-------------------------------------------------x
NOKIA CORPORATION,                          :
a Finnish corporation,                      :
                                            :
                    *Plaintiff,*            :
                                            :
          v.                                :
                                            :
SOL WIRELESS GROUP, INC.,                   :
a Florida corporation, CARLOS PINO,         :
an individual, and JORGE ROMERO,            :
an individual,                              :
                                            :
                    *Defendants.*           :
-------------------------------------------------x

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Nokia Corporation ("Nokia"), filed a Complaint on January 4, 2006 asserting that Defendants Sol Wireless Group, Inc., Carlos Pino, and Jorge Romero (collectively "the Sol Wireless Defendants") are purchasing NOKIA 1100 and 2600 TracFone prepaid wireless telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and erasing or disabling the TracFone proprietary prepaid software that enables consumers to access TracFone's prepaid wireless service, and then reselling the wireless telephones as new for use on other wireless carriers' networks/systems and, in some cases, re-packaging the phones in packaging bearing the NOKIA trademark that is intended for use solely in the Latin American market. Based on that conduct, the Complaint asserts claims against the Sol Wireless Defendants for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, and unfair competition and deceptive

PAR000224

vi. misrepresenting any used products as new or in any way infringing on

Nokia's trademarks or misrepresenting that Nokia warrants the used

and/or re-conditioned phones.

4. This Court hereby retains jurisdiction over this matter and the parties to this

action in order to punish any violations of the terms of this Final Judgment and Permanent

Injunction by a finding of contempt and a payment of damages to Nokia in an amount of not

less than $5,000.00 for each wireless phone that the Sol Wireless Defendants are found to

have purchased, sold, or unlocked in violation of this injunction.

5. The prevailing party in any proceeding to enforce compliance with the terms

of this Final Judgment and Permanent Injunction shall be entitled to an award of its

attorneys' fees and costs incurred thereby.

DONE AND ORDERED in chambers at Miami, Florida, this ____ day of
_____, 2006.

_____
HON. CECILIA M. ALTONAGA
United States District Judge

4

PAR000227

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 07-20429-CIV-HUCK/SIMONTON

TRACFONE WIRELESS, INC., a
Florida corporation,

        Plaintiff,

vs.

GREGG ISER, individually and d/b/a L COMM
and LIGHTHOUSE COMMUNICATIONS; and
GAI, INC. d/b/a L COMM and LIGHTHOUSE
COMMUNICATIONS, an Oklahoma corporation,

        Defendants.

_____/



## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER is before the Court upon the parties' Joint Motion for Entry of Consent Final Judgment and Permanent Injunction, filed May 1, 2007 (DE # 20). The Court has reviewed the motion and the record, and is duly advised in the premises.

Plaintiff, TracFone Wireless, Inc. ("TracFone"), 8390 NW 25th St., Miami, FL 33122, brought the above-captioned lawsuit against Defendants, Gregg Iser, individually, 104 E. Huntsville Street, Broken Arrow, OK 74011 and GAI, Inc., a Oklahoma corporation d/b/a L Comm and Lighthouse Communications, 5865 S. Garnett Road, Tulsa, OK 74146-6812 (collectively the "Defendants"), alleging that Defendants are engaged in an unlawful scheme that has caused substantial harm to TracFone and to consumers generally.

TracFone alleges Defendants' scheme (the "Bulk Resale Scheme") involves the unauthorized and unlawful bulk purchase and resale of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones"), unauthorized and unlawful computer unlocking of TracFone Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and ultimate sale of counterfeited Phones to unsuspecting end users for profit.

Page 1 of 6

PAR000228

TracFone alleges Defendants perpetrate the Bulk Resale Scheme by acquiring bulk quantities of TracFone Prepaid Phones from retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting others to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants. TracFone alleges Defendants acquire the TracFone Prepaid Phones with the actual or constructive knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network and that the Phones will be computer-hacked. TracFone alleges the purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system. TracFone alleges the reflashed Phones are then trafficked and resold, at a premium, as new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless system.

TracFone asserted claims against the Defendants for federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.*; federal unfair competition under 15 U.S.C. § 1125; tortious interference with business relationships and prospective advantageous business relationships between TracFone and its manufacturers; unfair competition and false advertising under § 501.204, Fla. Stat.; injury to business reputation and dilution of marks under § 495.151, Fla. Stat.; and fraud; civil conspiracy and unjust enrichment. Defendants deny their liability under the claims asserted by TracFone, but to avoid the uncertainties and cost of protracted litigation, Defendants agree to the entry of this Consent Final Judgment and Permanent Injunction without any admission of liability or wrongdoing with regard to the claims asserted by TracFone in the Complaint.

The Court, having considered the Complaint, Declarations and Exhibits, Memorandum of Law, Answer and Affirmative Defenses, and further evidence submitted therewith by TracFone and Defendants, accordingly hereby:

ORDERS, ADJUDGES and DECREES that:

1.    This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

Page 2 of 6

PAR000229

311379

  2. The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,761,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone.

  3. The Court finds that the conduct alleged by TracFone in the Complaint, if proven, would violate the following statutes: federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.*; federal unfair competition under 15 U.S.C. § 1125; unfair competition and false advertising under § 501.204, Fla. Stat. The Court further finds that the alleged conduct would constitute tortious interference with TracFone's business relationships and prospective advantageous business relationships between TracFone and its manufacturers, fraud, civil conspiracy, and unjust enrichment.

  4. The Court finds that the alleged conduct in the Bulk Resale Scheme has, independently, caused substantial harm to TracFone and the public interest, and will continue to cause substantial harm to TracFone and the public interest, unless enjoined. Consequently, and because Defendants have consented, TracFone is entitled to injunctive relief on the claims set forth in its Complaint.

  5. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a

PAR000230

wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendants of liability for their alleged violations of the DMCA as alleged in Counts III and IV of TracFone's Complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption. The alleged misconduct and involvement in unlocking TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

6.    Final consent judgment is hereby entered against the Defendants, Gregg Iser, individually, and GAI, Inc. d/b/a L Comm and Lighthouse Communications, on all of the claims set forth in TracFone's Complaint.

7.    Defendants, and each and all of their representatives, agents, assigns, employees, independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with them who receive notice of this Order shall be and hereby are PERMANENTLY ENJOINED from:

a.  purchasing, selling, and/or distributing any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or that at any time contained TracFone's copyrighted and proprietary software ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated regularly on TracFone's website that is currently found at http://tracfone.com/activation_pick_brand.jsp, including, without limitation, the following cellular phone handsets:

Nokia 1100            Nokia 1221

Nokia 1112            Nokia 2126

Page 4 of 6

PAR000231

| | |
|---|---|
| Nokia 2285 | Motorola V60 |
| Nokia 2600 | Motorola 120 |
| Nokia 2610 | Motorola W370 |
| Nokia 3390 | LG 3280 |
| Nokia 5100 | LG 5150 |
| Nokia 252 (Analog) | LG C1300 |
| Nokia 282 (Analog) | LG C1500 |
| Nokia 918 (Analog) | LG CG225 |
| Motorola V170 | Uniden 2000 |
| Motorola V176 | Uniden Minicel |
| Motorola C139 | StarTac |
| Motorola C155 | MicroTac |
| Motorola C261 | Profile |
| Motorola C343 | Lifestyle 500 |

    b.  reflashing and/or unlocking of any TracFone Handset;

        c.  accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;

        d.  facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

        e.  reselling, or participating in or facilitating the resale by others, of TracFone airtime units, airtime cards, or prepaid airtime minutes;

        f.  facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent

PAR000232

injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets;

g.  knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

8.  Defendants and TracFone waive their right to appeal from the entry of this Consent Final Judgment and Permanent Injunction.

9.  The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for each TracFone Handset that Defendants are found to have purchased, sold, distributed, altered or unlocked in violation of this injunction.

10.  The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

All pending motions are DENIED as moot and the case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 7 day of May, 2007.

The Honorable Paul C. Huck
United States District Judge

Copies furnished to:

James B. Baldinger, *attorney for Plaintiff*
Wayne H. Schwartz, *attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-CIV-20430-GOLD/TURNOFF

TRACFONE WIRELESS, INC., a
Florida corporation,

        Plaintiff,

vs.

MOHAMMED LALANY, individually and MAX
WIRELESS, INC., a Florida corporation,

        Defendants.

_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION
## AGAINST DEFENDANT MOHAMMED LALANY

Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit against Defendants, Mohammed Lalany, individually, and Max Wireless, Inc., a Florida corporation (collectively the "Defendants"), alleging that Defendants are engaged in an unlawful scheme that has caused substantial harm to TracFone and to consumers generally. Specifically, TracFone alleges Defendants' scheme (the "Bulk Resale Scheme") involves the unauthorized and unlawful bulk purchase and resale of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones"), unauthorized and unlawful computer unlocking of TracFone Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and ultimate sale of counterfeited Phones to unsuspecting end users for profit.

TracFone alleges Defendants perpetrate the Bulk Resale Scheme by acquiring bulk quantities of TracFone Prepaid Phones from retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting others to purchase TracFone Prepaid Phones in bulk for the benefit of

PAR000234

Defendants. TracFone alleges Defendants acquire the TracFone Prepaid Phones with the actual or constructive knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network and that the Phones will be computer-hacked. TracFone alleges the purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system. TracFone alleges the reflashed Phones are then trafficked and resold, at a premium, as new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless system.

TracFone asserted claims against the Defendants for federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.*; federal unfair competition under 15 U.S.C. § 1125; tortious interference with business relationships and prospective advantages business relationships between TracFone and its manufacturers; unfair competition and false advertising under § 501.204, Fla. Stat.; injury to business reputation and dilution of marks under § 495.151, Fla. Stat.; fraud; civil conspiracy; and unjust enrichment. Defendants admit their liability under the claims asserted by TracFone.

Defendant Mohammed Lalany alleges that Defendant Max Wireless, Inc. was not involved in purchasing any TracFone Prepaid Phones or other brands of prepaid phones. Defendant Mohammed Lalany further alleges that he has made only one large bulk Phones purchase of approximately 373 Phones on or about January 22, 2007, and that he made

PAR000235

additional purchases in smaller amounts totaling approximately 407 additional Phones at various times between December 2006 and February 2007, and that he has not knowingly or intentionally engaged in, and has not knowingly or intentionally facilitated and encouraged others to engage in, any Bulk Resale Scheme.

The parties have agreed to settle the dispute with respect to Defendant Lalany and, as partial consideration for such settlement, agreed to the entry of this Final Judgment and Permanent Injunction.

The Court, having considered the Complaint, Declarations and Exhibits, Memorandum of Law, and further evidence submitted therewith by TracFone, accordingly hereby:

ORDERS, ADJUDGES and DECREES that:

1.   This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

2.   The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,71,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone.

3.   The Court finds that the conduct alleged by TracFone in the Complaint, although unknowing and unintentional, constitutes a violation of the following statutes: federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control

PAR000236

access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.*; federal unfair competition under 15 U.S.C. § 1125; unfair competition and false advertising under § 501.204, Fla. Stat. The Court further finds that Defendant Lalany's conduct, alleged in the Complaint, again although unknowing and unintentional, constitutes tortious interference with TracFone's business relationships and prospective advantages business relationships between TracFone and its manufacturers and unjust enrichment.

4.   The Court finds Defendant Lalany's conduct, independently, in the Bulk Resale Scheme alleged in the Complaint, although unknowing and unintentional, has likely caused substantial harm to TracFone and the public interest, and will likely continue to cause substantial harm to TracFone and the public interest, unless enjoined. Consequently, TracFone is entitled to injunctive relief on the claims alleged in its Complaint.

5.   On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve Defendant Lalany of liability for his alleged violations of the DMCA as alleged in Counts III and IV of TracFone's Complaint, because Defendant Lalany's

PARD00237

conduct as alleged in this case, although unknowing and unintentional, does not come within the scope of the new exemption. Defendant Lalany's conduct was for the purpose of reselling those handsets for a profit to others whom TracFone alleges are engaged in unlocking of handsets for use outside TracFone's wireless system, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

6.   Final judgment is hereby entered against Defendant Mohammed Lalany, and in favor of the Plaintiff, TracFone Wireless, Inc., based upon the findings set forth herein.

7.   Defendant Lalany, and each and all of his representatives, agents, assigns, employees, independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with him who receive notice of this Order shall be and hereby are PERMANENTLY ENJOINED from:

a.   purchasing and/or selling any wireless mobile phone, except for their own personal use, that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated regularly on *http://tracfone.com/activation_pick_brand.jsp*, TracFone's website, including without limitation the following cellular phone handsets:

PAR000238

Nokia 1100
Nokia 1112
Nokia 1221
Nokia 2126
Nokia 2285
Nokia 2600
Nokia 2610
Nokia 3390
Nokia 5100
Nokia 252 (Analog)
Nokia 282 (Analog)
Nokia 918 (Analog)
Motorola V170
Motorola V176
Motorola C139
Motorola C155
Motorola C261
Motorola C343
Motorola V60
Motorola 120
Motorola Ballina
LG 3280
LG 5150
LG C1300
LG C1500
LG CG225
Uniden 2000
Uniden Minicel
StarTrac
Radio Shack
MicroTac
Profile
Lifestyle 500

b.  reflashing and/or unlocking of any TracFone Handset;

c.  accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;

d.  facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets

PAR000239

and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

e. reselling, or participating in or facilitating the resale by others, of TracFone airtime units, airtime cards, or prepaid airtime minutes;

f. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets;

g. knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

8.   Defendants and TracFone waive their right to appeal from the entry of this Final Judgment.

9.   The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for each TracFone Handset that Defendants are found to have purchased, sold, or unlocked in violation of this injunction.

10.   The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

PAR000240

Case 1:07-cv-20430-ASG    Document 20    Entered on FLSD Docket 05/02/2007    Page 8 of 8

11.    Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason to

delay the entry of judgment with respect to the claims against Defendant Lalany,

and directs the entry of judgment in accordance with the terms set forth herein.

DONE AND ORDERED in Miami, Florida, this 27 day of April, 2007.

The Honorable Alan S. Gold
United States District Judge

Copies furnished to:

James B. Baldinger, *attorney for TracFone Wireless, Inc.*
Mohammed Lalany
Rau Maniar, *registered agent for Max Wireless, Inc.*

PAR000241

011891

**CLOSED**
**CIVIL**
**CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-61956-Civ- ALTONAGA/Turnoff



TRACFONE WIRELESS, INC.

      Plaintiff.

vs.

PAN OCEAN COMMUNICATIONS, INC.,
SAMAR MUNIR, and SYED M. HUSSAIN

      Defendants.

_____/

### FINAL JUDGMENT AND PERMANENT INJUNCTION

    Plaintiff TracFone Wireless, Inc. ("TracFone"), filed a Complaint on December 27, 2005 asserting that Defendants Pan Ocean Communications, Inc., Samar Munir, and Syed M. Hussain (collectively "the Pan Ocean Defendants") are purchasing TracFone prepaid wireless telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and erasing or disabling the TracFone proprietary prepaid software that enables consumers to access TracFone's prepaid wireless service, and then reselling the wireless telephones as new for use on other wireless carriers' networks/systems. Based on that conduct, the Complaint asserts claims against the Pan Ocean Defendants for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.*, circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq.*, trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et*

WPB4671843.1

$\frac{61}{66}$

PAR000242

Case 1:07-cv-23166-JEM   Document 1   Entered on FLSD Docket 12/06/2007   Page 91 of 99
Case 4:07-cv-02206    Document 1-7    Filed 07/06/2007    Page 25 of 36
011892

*seq.*, tortious interference with business relationships and prospective advantage, and tortious interference with the business relationship between TracFone and Nokia Corporation ("Nokia"). On January 13, 2006, TracFone filed a Motion for a Preliminary Injunction (Docket No. 10) and a Motion for Expedited Discovery (Docket No. 12) with supporting declarations and exhibits and accompanying memoranda of law.   The Pan Ocean Defendants have denied TracFone's allegations.  This Court having considered the Complaint, declarations and exhibits, motions, memoranda of law, and further evidence submitted therewith, and the parties' stipulation regarding entry of this order, it is hereby:

ORDERED, ADJUDGED, and DECREED that:

1.      This Court has jurisdiction over all the parties and all of the claims for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, injury to business reputation and dilution of mark under Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.*, circumvention of technological measures that control access to proprietary software under 17 U.S.C. § 1201 *et seq.*, trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201 *et seq.*, tortious interference with business relationships and prospective advantage, and tortious interference with business relationship between TracFone and Nokia, asserted in the above action.

2.      Plaintiff owns all right, title, and interest in and to the trademarks TRACFONE and NET10 (the "TRACFONE Trademarks").

3.      The Pan Ocean Defendants understand and acknowledge that TracFone is the owner of the TRACFONE Trademarks, and recognize and acknowledge the validity of the TRACFONE Trademarks and that such TRACFONE Trademarks are distinctive, protectable,

2

PAR000243

Case 1:07-cv-23166-JEM   Document 1   Entered on FLSD Docket 12/06/2007   Page 92 of 99
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 26 of 36
011893

famous, has acquired secondary meaning and is associated exclusively with TracFone. The Pan Ocean Defendants shall not challenge or in any way contest the validity or protectability of the TRACFONE Trademarks.

    4.    The Pan Ocean Defendants and any of their representatives, subsidiaries, related or affiliated entities, agents, officers, directors, servants, and employees, and any and all persons and entities in active concert and participation with them who receive notice of this order by personal service or otherwise, shall be and hereby are permanently enjoined from:

    i.    purchasing and/or selling any wireless mobile phone that they know or should know bears the TRACFONE trademark, bears the NET10 trademark, bears any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone phones");

    ii.    engaging in the alteration or unlocking of any TracFone phones;

    iii.    facilitating or in any way assisting other persons or entities that the Pan Ocean Defendants know or should know are engaged in altering or unlocking any TracFone phone;

    iv.    knowingly using the TRACFONE trademark, the NET10 trademark, or any other mark owned or used by TracFone, or that is likely to cause confusion therewith, without authorization;

    v.    knowingly misrepresenting any used products as new or in any way infringing on TracFone's trademarks or knowingly misrepresenting that TracFone warrants the used and/or re-conditioned phones.

3

PAR000244

vi.    This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Final Judgment and Permanent Injunction, *inter alia*, by a finding of contempt of court.

5.    This Final Judgment and Permanent Injunction on Consent shall be binding on the Pan Ocean Defendants, their successors and assigns.

6.    Each party waives its right to appeal from the entry of this Final Judgment.

7.    The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

DONE AND ORDERED in chambers at Miami, Florida, this __7__ day of _____August_____, 2006.

HON. CECILIA M. ALTONAGA
United States District Judge

Copies to:    James B. Baldinger, Counsel for Plaintiff
A. George Gutierrez, Counsel for Defendants

Case 1:07-cv-23166-JEM   Document 1   Entered on FLSD Docket 12/06/2007   Page 94 of 99
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 28 of 36
011895

**CLOSED**
**CIVIL**
**CASE**

Image reflects quality of original submission

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20012-CIV-ALTONAGA/Turnoff

NOKIA CORPORATION
a Finnish corporation,

           Plaintiff,

vs.

PAN OCEAN COMMUNICATIONS, INC.,
SAMAR MUNIR, and SYED M. HUSSAIN

           Defendants.
_____/

### FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Nokia Corporation ("Nokia"), filed a Complaint on January 4, 2006 asserting that Defendants Pan Ocean Communications, Inc., Samar Munir, and Syed M. Hussain (collectively "the Pan Ocean Defendants") are purchasing NOKIA 1100 and 2600 TracFone prepaid wireless telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and erasing or disabling the TracFone proprietary prepaid software that enables consumers to access TracFone's prepaid wireless service, and then reselling the wireless telephones as new for use on other wireless carriers' networks/systems and in some cases, packaging the phones in counterfeit packaging bearing the NOKIA trademark. Based on that conduct, the Complaint asserts claims against the Pan Ocean Defendants for federal trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., injury to business reputation and dilution of mark under

Case 1:07-cv-23166-JEM   Document 1   Entered on FLSD Docket 12/06/2007   Page 95 of 99
Case 4:07-cv-02206   Document 1-7   Filed 07/06/2007   Page 29 of 36
011896

08/02/2006 10:33 FAX  561 659 7368          CARLTON FIELDS WPB                                    ☒024/031

Fla. Stat. § 495.151 *et seq.*, unfair competition and deceptive trade practices under Fla. Stat. § 501.204 *et seq.* Together with the filing of the Complaint, on January 4, 2006, Nokia filed a motion for preliminary injunction and expedited discovery with supporting declarations and exhibits and accompanying memoranda of law. The Pan Ocean Defendants have denied the allegations of Nokia's Complaint.

The Court having considered the Complaint, declaration and exhibits, memoranda of law, and further evidence submitted therewith, and the parties' stipulation regarding entry of this order, it is hereby:

ORDERED, ADJUDGED, and DECREED that:

1    This Court has jurisdiction over all the parties and all of the claims for trademark counterfeiting, trademark infringement, false designation of origin, and trademark dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*; and the related causes of action under the common law and statutory law of the State of Florida, namely, Fla. Stat. § 495.151 *et seq.*, and Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 *et seq.*, asserted in the above action.

2.    Plaintiff owns all right, title, and interest in and to the trademark NOKIA, including U.S. Trademark Registration Nos. 2,676,153 and No. 1,570,492 for the mark NOKIA, among other registrations which registrations are valid, subsisting and in full force and effect (the "NOKIA Trademark").

3.    The Pan Ocean Defendants understand and acknowledge that Nokia is the owner of the NOKIA Trademark, and recognize and acknowledge the validity of the NOKIA Trademark and that such NOKIA Trademark is distinctive, protectable, famous, has acquired

2

PAR000247

secondary meaning and is associated exclusively with Nokia. The Pan Ocean Defendants shall not challenge or in any way contest the validity or protectability of the NOKIA Trademark.

    4    The Pan Ocean Defendants and any of their representatives, subsidiaries, related or affiliated entities, agents, servants, officers, directors and employees, and any and all persons and entities in active concert and participation with them who receive notice of this order by personal service or otherwise, shall be and hereby are permanently enjoined from:

        i.    engaging in the alteration or unlocking of any new wireless mobile phone manufactured by Nokia ("Nokia phone").

        ii.    knowingly facilitating or in any way assisting other persons or entities that the Pan Ocean Defendants knew or should know are engaged in altering or unlocking any Nokia wireless phone;

        iii.    using the trademark NOKIA, or any other mark that is likely to cause confusion therewith as proscribed by the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the case precedent thereunder, without authorization;

        iv.    knowingly misrepresenting the nature or quality of any Nokia products offered, marketed, or sold by the Pan Ocean Defendants (Pan Ocean Defendants may reasonably rely upon the representations by third parties made to them in this regard, so long as reliance is in good faith);

3

PAR000248

v.    selling used and/or reconditioned Nokia mobile phones or facilitating or in any way assisting other persons or entities that the Pan Ocean Defendants knew or should have known were engaged in selling used and/or reconditioned Nokia mobile phones that do not comply with the legal parameters set forth in *Prestonettes, Inc. v. Coty*, 264 U.S. 359 (1924) and its progeny (Pan Ocean Defendants may reasonably rely upon the representations by third parties made to them in this regard, so long as reliance is in good faith);

vi.    knowingly misrepresenting any used products as new or in any way infringing on Nokia's trademarks or misrepresenting that Nokia warrants the used and/or reconditioned phones (Pan Ocean Defendants may reasonably rely upon the representations by third parties made to them in this regard so long as reliance is in good faith);

vii.    knowingly dealing in any way with counterfeit Nokia products including, but not limited to counterfeit NOKIA boxes as shown in Exhibit C to the Complaint;

viii.    shall not purchase, distribute or sell NOKIA products that the Pan Ocean Defendants acquired, obtained or purchased outside the United States, nor shall the Pan Ocean Defendants purchase, distribute, or sell gray market NOKIA products that are materially different from authorized NOKIA products meant for sale in the United States. *See Ferrero U.S.A., Inc. v. Ozak Trading, Inc.*, 952 F.2d 44 (2nd Cir. 1991);

4

PAR000249

Case 1:07-cv-23166-JEM Document 1 Entered on FLSD Docket 12/06/2007 Page 98 of 99
Case 4:07-cv-02208 Document 1-1 Filed 07/06/2007 Page 32 of 36
011899

     ix.    shall not purchase, distribute or sell new genuine NOKIA products that are not packaged in their original packaging.

5.    This Final Judgment and Permanent Injunction on Consent shall be binding on the Pan Ocean Defendants, their successors and assigns.

6.    Each party waives its right to appeal from the entry of this Final Judgment.

7.    This Court hereby retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Final Judgment and Permanent Injunction by a finding of contempt.

8.    The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

DONE AND ORDERED in chambers at Miami, Florida, this ___ day of August, 2006.

_____
HON. CECILIA M. ALTONAGA
United States District Judge

Copies to:    Robert S. Weisbein, Counsel for Plaintiff
               A. George Gutierrez, Counsel for Defendants

5

PAR000250

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

TRACFONE WIRELESS, INC.

## DEFENDANTS

GSM GROUP, INC., a Florida Corporation d/b/a WireleXelectroniX.com and Wirelexelectronix, MARCO ANTONIO QUINTERO a/k/a Marcelo Quintero a/k/a Marco J. Quintero individually and d/b/a WireleXelectroniX.com and Wirelexelectronix,; JOHN DOES 1-50; and XYZ COMPANIES 1-50

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Miami-Dade, Florida

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Miami-Dade

(IN U.S. PLAINTIFF CASES ONLY)

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven J. Brodie
Maria C. Montenegro
CARLTON FIELDS, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, FL  33131

ATTORNEYS (IF KNOWN)

*Dade 07-23166-CW-Martinez/ Bandstra*

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 352 Personal Injury - med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl  Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Personal Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accomodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act. | ☐ 871 IRS –Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district
- ☐ a Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES  UNLESS DIVERSITY)

15 U.S.C. § 1114; 15 U.S.C. § 1125; 17 U.S.C. § 1203; Violations of U.S. Trademark and Copyright Acts and other claims related to misuse and resale of cellular telephones

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND: more than $75,000; injunctive relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (see instructions): JUDGE
PENDING OR CLOSED

DOCKET NUMBER

DATE  December 5, 2007

SIGNATURE OF ATTORNEY OF RECORD