UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-23166-CIV MARTINEZ-BROWN

TRACFONE WIRELESS, INC., a
Delaware corporation,

    Plaintiff,

v.

GSM GROUP, INC., a Florida Corporation,
MARCO ANTONIO QUINTERO, individually,
JOHN DOES 1-50, and XYZ COMPANIES 1-50,

    Defendants.
_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS OSM CROUP, INC. AND MARCO ANTONIO QUINTERO

This cause came before the Court upon Plaintiff Tracfone Wireless, Inc. ("Tracfone") and Defendants GSM Group, Inc. and Marco Antonio Quintero's ("Defendants") Stipultation for Entry of Final Judgment and Permanent Injunction against Defendants.[1] **(D.E. No. 36)**.

Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit against Defendants GSM Group, Inc., a Florida Corporation ("GSM"), and Marco Antonio Quintero ("Quintero") (GSM and Quintero are referred to herein as "Defendants"), alleging that Defendants were engaged in an unlawful enterprise involving the following activities: the acquisition, sale and alteration of large quantities of TracFone and TracFone's NET10 branded prepaid wireless telephones ("TracFone/NET10 Prepaid Phones" or "Phones") which were

---

[1] The Plaintiff's Complaint also names John Does 1-50 and XYZ Companies 1-50 as Defendants, but the Plaintiff has never identified these Defendants more specifically by serving them with a copy of the Complaint and the time to effect service has expired. Accordingly, the only Defendants currently before the Court are Defendants GSM Group, Inc. and Marco Antonio Quintero.

1

purchased from various retail outlets such as Wal-Mart, Target and Sam's Club; the solicitation and payment of others to bulk purchase TracFone/NET10 Prepaid Phones for Defendants' benefit; computer hacking and erasing or otherwise disabling the prepaid software ("TracFone/NET10 Prepaid Software") installed in the Phones essential for consumers to access TracFone's prepaid wireless network, or reselling the Phones to others who disable the software; and ultimate selling of the altered Phones as new under TracFone's trademarks for the unauthorized use outside of the TracFone prepaid wireless system for profit (the "Bulk Resale Scheme").

As a result of Defendants' alleged involvement in the Bulk Resale Scheme, TracFone asserted claims against Defendants for breach of contract; federal trademark infringement under section 1114, Title 15, United States Code; federal unfair competition under section 1125(a), Title 15, United States Code; common law unfair competition; contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software under section 1201 *et seq.*, Title 17, United States Code, as a violation of the Digital Millennium Copyright Act ("DMCA"); unfair competition and false advertising under section 501.204 of the Florida Statutes; civil conspiracy; and unjust enrichment.

The Court, having reviewed the proposed Final Judgment and Permanent Injunction Order (D.E. No. 36-2) and noting that the parties are in agreement as to its terms, it is hereby:

**ORDERED, ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2. The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,761,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. TracFone also holds a valid copyright on the Tracfone Prepaid Software.

3. The Court finds that TracFone's allegations, if proven, would constitute breach of contract; federal trademark infringement under section 1114, Title 15, United States Code; federal unfair competition under section1125(a), Title 15, United States Code; common law unfair competition; contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software under section 1201, *et. seq.*, Title 17, United States Code, as a violation of the DMCA; unfair competition and false advertising under section 501.204 of the Florida Statutes; civil conspiracy; and unjust enrichment. TracFone's allegations regarding Defendants's conduct, if proven, would demonstrate that TracFone has suffered substantial and irreparable, and will continue to suffer substantial and irreparable harm unless the Defendants are enjoined.

4. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when

circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. §201.40(b)). The Court finds that this new exemption does not absolve the Defendants of liability for their violations of the DMCA, as alleged in TracFone's complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption. The Defendants' purchase and resale of the TracFone/NET10 Prepaid Phones was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network."

5. TracFone's allegations, if proven, demonstrate that TracFone has suffered damages, including loss of goodwill and damage to its reputation, as a result of the Defendants' conduct. Thus, the Court finds that TracFone is entitled to injunctive relief and damages on the claims set forth in the Complaint.

6. Defendants, and each and all of their representatives, agents, employees, independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with them who receive notice of this order shall be and hereby are PERMANENTLY ENJOINED from:

> a. purchasing and/or selling any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone/NET10 Handsets"). Specifically, Defendants are enjoined from purchasing and/or selling all models of TracFone/NET10 Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's and NET10's websites, http://TracFone.com/activation_pick_brand.jsp and www.net10.com, including without limitation the following TracFone/NET10 handsets
>
> | | | |
> |---|---|---|
> | **Motorola W370** | **Nokia 2126** | **LG 3280** |
> | **Motorola C261** | **Nokia 2126i** | **LG CG225** |
> | **Motorola C139** | **Nokia 2600** | **LG 1500** |

| | |
|---|---|
| Motorola V176 | Nokia 1100 |
| Motorola V170 | Nokia 1112 |
| Motorola V171 | Nokia 1600 |
| Motorola C155 | Nokia 2285 |
| Motorola C343 | |

b. reflashing and/or unlocking of any TracFone/NET10 Handset;

c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone/NET10 Handsets;

d. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone/NET10 Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10 Handsets;

e. facilitating or in any way assisting other persons or entities who Defendants know or should know arc engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone/NET10 Handsets and

f. knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

7. The address of Defendant GSM is 16600 NW 54th Avenue, Unit 10, Miami Lakes, Florida 33014.

8. The address of Defendant Quintero is 16220 SW 21st Street, Miramar, Florida 33027.

9. The address of Plaintiff, TracFone Wireless, Inc. is 9700 NW 112th Avenue, Miami, Florida 33178.

10. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less

than $5,000 for each TracFone/NET10 Handset that a Defendant is found to have purchased, sold, or unlocked in violation of this injunction, or $250,000.00, which ever is greater.

11. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall he entitled to an award of its attorneys' fees and costs.

12. This action is DISMISSED without prejudice.

13. The Clerk of the Court is DIRECTED to CLOSE this case and DENY all pending motions as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 day of August, 2008.

JOSE E. MARTINEZ
UNITED STATED DISTIRCT JUDGE

Copies provided to:
Magistrate Judge Brown
James H. Baldinger, *Counsel for Plaintiff*
Kevin P. Crosby, *Counsel for Defendants*